LANDRUM MILLS CORPORATION, haciendo negocios como el HOTEL LA CONCHA y SAN JUAN HOTEL CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, recurrido; OSCAR CIVIDANES ET AL., interventores.

*Número:* C-64-48     *Resuelto:* 30 de junio de 1965

*McConnell, Valdés & Kelley, Roy J. Cohen, Donald M. Hall, William Lespier* y *Agustín F. Fortuño,* abogados de la peticionaria; *Demetrio Fernández,* abogado de los interventores.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

◼ En cuanto a la inconstitucionalidad de la Ley Núm. 2 de 17 de octubre de 1961, tenemos que rendirnos ante la regla de la mayoría establecida en el caso de *Dorado Beach Corp.* v. *Tribunal Superior,* Sala de Bayamón, Hon. Augusto Palmer, Juez, C-64-81 opinión del Juez Asociado Señor Dávila de esta misma fecha. En dicha opinión, el Tribunal concluye: "La Asamblea Legislativa hace casi cincuenta años aprobó una ley adoptando un procedimiento sumario para reglamentar las reclamaciones de salarios. Estableció un procedimiento rápido y sencillo para aligerar el trámite de estas reclamaciones [salarios]. Cuando este Tribunal por primera vez en el año 1943 adoptó reglas de enjuiciamiento, quedó vigente el procedimiento estatuido por la Asamblea Legislativa mediante la Ley Núm. 10 del año 1917. Así mismo cuando en el año 1958 adoptamos nuevas reglas de procedimiento específicamente se dispuso por la Regla 61 que 'todos los procedimientos legales especiales y cualesquiera otros procedimientos de naturaleza especial no incluidos en las Reglas 55, 56, 57, 58, 59 y 60 se tramitarán en la forma prescrita en el estatuto correspondiente'. Subsistió, pues, como regla de procedimiento adoptada por este Tribunal el procedimiento establecido por la Ley del año 1917. Así, en cuanto a esta ley se refiere, por haber sido adoptada por este Tribunal, como reglamentación especial para la reclamación de salarios, la Asamblea Legislativa podía enmendarla, derogarla o complementarla. Si bien la Ley del 1961 derogó la ley vigente de 1917, lo cierto es que si se examinan ambos estatutos se verá que la nueva ley es funda-

mentalmente igual a la derogada. De hecho es una reenacta-
ción, con algunas enmiendas, de la anterior. Mantiene los
principios básicos de la anterior y la principal enmienda
consiste en adicionarle lo relativo a la forma en que se apli-
carán las Reglas de Procedimiento relacionadas con el des-
cubrimiento de prueba. De hecho la Asamblea Legislativa
no aprobó unas nuevas reglas de procedimiento para las
reclamaciones de salarios. Enmendó la ley vigente que había
sido adoptada por este Tribunal como regla de procedimiento
para esta clase de reclamaciones. Y ciertamente no hay duda
que la Asamblea Legislativa podía enmendarla."

La segunda objeción a la Ley Núm. 2 de 17 de octubre
de 1961 propone la cuestión constitutional sobre una posible
violación a la cláusulas del debido proceso de ley o a la igual
protección de las leyes. Los fundamentos de la objeción po-
drían sintetizarse en los siguientes términos: El procedi-
miento autorizado para la reclamación de salarios coloca a
la parte patronal en una situación de desventaja desde el
comienzo de dicho procedimiento hasta su terminación, impo-
niéndole una serie de limitaciones arbitrarias que constituyen
serios obstáculos para establecer sus defensas en los tribu-
nales de justicia, y en esta forma, violentando los conceptos
básicos de la razonabilidad, del debido proceso de ley y esta-
bleciendo distinciones arbitrarias contrarias a la correlación
de oportunidades que caracteriza la igual protección de las
leyes.

▮ El procedimiento para la reclamación de salarios
del 1961 es un procedimiento especial, de naturaleza sumaria,
y por considerar el Estado, que cualquier cuestión relacionada
con el contrato de trabajo, por su posible efecto sobre la
economía de nuestro pueblo, está revestida de interés público,
tiene ciertas disposiciones que son más favorables al obrero
que al patrono, por haber sido la conclusión del estudio legis-
lativo que no existe igualdad de medios económicos entre

las partes para una adecuada defensa de sus respectivos derechos, al originarse la reclamación judicial.

Examinadas las disposiciones de dicho procedimiento, en su totalidad, es evidente que le concede al patrono las oportunidades básicas de defensa que comprende el debido proceso de ley: (1) notificación de una querella, (2) citación, (3) oportunidad de contestar, (4) vista pública, (5) oportunidad de repreguntar los testigos de la otra parte y oportunidad de presentar los testigos que han de sostener las alegaciones a su favor, (6) y aún una oportunidad de revisión por un tribunal de mayor instancia.

No hay objeción constitucional a la limitación del proceso judicial, cuando el resto del estatuto, como es el caso del procedimiento de reclamación de salarios aquí examinado, conserva una razonable oportunidad de defensa.

*Por las razones expuestas se confirmarán las resoluciones de 2 de junio de 1964 dictadas por el Tribunal Superior de Puerto Rico, Sala de San Juan, objeto de este procedimiento.*

—O—

Voto separado del Juez Asociado Señor Santana Becerra
San Juan, Puerto Rico, a 30 de junio de 1965

Al dar mi voto en este caso reproduzco lo que dije en la parte concurrente de mi Opinión en el de *Dorado Beach Corp.* v. *Tribunal Superior*, C-64-81 resuelto en 30 de junio de 1964, 92 D.P.R. 610 (1965), en cuanto a la validez y no inconstitucionalidad de la Ley Núm. 2 de 17 de octubre de 1961.