# 95 DTA 56

## TRIBUNAL DE CIRCUITO DE APELACIONBS
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

IRMA TARDI
Peticionaria

v.

MAR-LAND INDUSTRIAL CONTRACTORS INC.
Y JOHN DOE INSURANCE COMPANY
Recurrida

Núm. KLCE-95-00042

San Juan, Puerto Rico, a 18 de abril de 1995

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Córdova Arone y Segarra Olivero

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Este recurso se origina en una acción instada por una empleada que alega haber sido despedida de su empleo por razón de discrimen por edad y por sexo. Al presentar la acción, la empleada querellante se acogió al procedimiento judicial sumario establecido por ley para los casos de reclamación de salarios. Está en controversia si el tribunal *a quo* tenía discreción para autorizar al patrono querellado que le tomara una deposición a la empleada querellante aún cuando las partes ya habían completado el descubrimiento de prueba dispuesto en la referida ley.

Ante nosotros, el patrono querellado ha comparecido para oponerse a la expedición del auto. Sostiene, entre otras cosas, que la conducta procesal observada por la empleada querellante ha convertido el trámite de su caso en un procedimiento civil ordinario. Por los fundamentos que prosiguen, resolvemos que no hubo tal conversión del procedimiento sumario en uno ordinario, que no se demostró circunstancia excepcional alguna que justificara ampliar el descubrimiento de prueba una vez éste había finalizado y que, en las circunstancias de este caso, el tribunal *a quo* carecía de discreción para autorizar que se le tomara la deposición a la empleada querellante.

### I

El 20 de mayo de 1994, la señora Irma Tardí presentó una querella contra Mar-Land Industrial Contractors, Inc., en la que reclama una compensación por los daños que alega haber sufrido como resultado de un despido discriminatorio al amparo de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et seq.*, que llamaremos la Ley contra el Discrimen en el Empleo. En la propia querella se acogió al procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3120, que llamaremos la Ley de Procedimiento Sumario de Reclamación de Salarios.

El 2 de junio de dicho año, el patrono recurrido contestó la querella. No presentó defensas afirmativas ni objetó la utilización del procedimiento sumario dispuesto en la referida ley. El 10 de junio de 1994, el patrono recurrido le notificó un interrogatorio a la empleada recurrente el cual ésta contestó el 11 de agosto de 1994, es decir, 62 días después. Por su parte, el 28 de junio de ese año la empleada recurrente le notificó al patrono recurrido un

aviso de toma de deposición, la cual fue tomada los días 11 de julio y 30 de septiembre de 1994. Este alega ante nosotros que la transcripción de esa deposición le fue entregada 140 días después.

El 22 de noviembre de 1994, la empleada recurrente le informó al tribunal que las partes habían agotado el descubrimiento de prueba y solicitó que se señalara una conferencia sobre el estado de los procedimientos. El patrono recurrido no se opuso a lo informado ni a la solicitud. La conferencia sobre el estado de los procedimientos se celebró el 4 de enero de 1995. El juicio quedó señalado para los días 1 y 2 de junio de 1995.

Durante la conferencia sobre el estado de los procedimientos, el patrono recurrido solicitó al tribunal *a quo,* por primera vez, que se le autorizara a tomar una deposición a la empleada recurrente, aún cuando ya dicha parte había contestado un interrogatorio por escrito desde hacía casi cinco meses. La empleada recurrente se opuso a dicha solicitud. Según la empleada, la razón invocada por el patrono recurrido en dicha vista es que la querella reclamaba cien mil dólares en daños por angustias mentales. La empleada recurrente señala que refutó este argumento a base de que el patrono recurrido tenía la opción de tomarle una deposición a la empleada querellante, en lugar de notificarle un interrogatorio, y optó por esto último y que, además, la razón aducida para apoyar la solicitud era totalmente irrelevante pues la cuantía de la reclamación en nada debía afectar el carácter sumario de la querella incoada.█

Aunque el tribunal le señaló al patrono recurrido que éste no se había opuesto ni había refutado la afirmación de que el descubrimiento de prueba había sido agotado, aún así, autorizó la toma de la deposición de la empleada recurrente y le ordenó a los abogados de las partes que se pusieran de acuerdo en cuanto a la fecha de la deposición.

Las partes coordinaron la toma de deposición, pero el patrono recurrido cambió la fecha previamente acordada. En el ínterin, la empleada recurrente decidió solicitar reconsideración de la decisión del tribunal. Así lo hizo pero la moción fue denegada. Al denegarla, el tribunal *a quo* señaló que la misma había sido presentada fuera del término de quince días provisto por las Reglas de Procedimiento Civil y que, además, la empleada recurrente no podía ir contra sus propios actos. No especificó a cuáles actos se refería.

Pasemos a examinar los méritos de los señalamientos de las partes en este recurso.

## II

El primer señalamiento que nos hace la empleada recurrente, es que el tribunal *a quo* incidió en error al resolver que la moción de reconsideración no fue presentada dentro del término de 15 días que provee la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap.III, R.47. Sin embargo, no es necesario resolver este apuntamiento de error pues ambas partes están de acuerdo en que la moción fue presentada el último día hábil del término dispuesto en la Regla 47. Hemos revisado el expediente y, en efecto, así fue. █

Del expediente ante nosotros surge que en la conferencia sobre el estado de los procedimientos, el patrono recurrido adujo que este pleito no podía ser tramitado de conformidad con el procedimiento dispuesto por la Ley de Procedimiento Sumario de Reclamación de Salarios, 32 L.P.R.A. sec. 3120. En este recurso, sin embargo, el patrono recurrido, con muy buen juicio, ha abandonado su contención.

La realidad es que la Ley contra el Discrimen en el Empleo, en su Art. 4 le reconoce al obrero perjudicado por la actuación discriminatoria del patrono, la facultad de promover una querella de conformidad con el procedimiento dispuesto por la Ley de Procedimiento Sumario de Reclamación de Salarios. 29 L.P.R.A. sec. 149. Por supuesto, como en cualquier

otro caso en que el legislador establece un procedimiento especial sumario para beneficio de determinada categoría de litigantes, se permite, en la alternativa, presentar una acción civil ordinaria pero a elección del obrero perjudicado. *Matos Molero v. Roche Products. Inc.,* \_\_\_ D.P.R. \_\_\_ (1993), **93 J.T.S. 6,** a la pág. 10314. Este derecho a elegir el procedimiento ni siquiera corresponde al tribunal de primera instancia. El hecho de que no se esté reclamando en la querella la reinstalación en el empleo y que la reclamación meramente se limite a la indemnización por daños, en nada afecta el derecho de elegir, máxime cuando el tribunal *a quo* está autorizado por la propia Ley contra el Discrimen en el Empleo a conceder tal remedio aunque el obrero no lo solicite específicamente en su querella. Art. 1, último párrafo, 29 L.P.R.A. sec. 146.

En cuanto al procedimiento especial de reclamación de salarios, el Tribunal Supremo de Puerto Rico ha sido enfático al reafirmar *"el deber que de ordinario tienen todos los tribunales del país de darle estricto cumplimiento al procedimiento sumario de dicha Ley",* *Mercado Cintrón v. Zeta Communications Inc.,* \_\_\_ D.P.R. \_\_\_, **94 J.T.S. 50,** a la pág. 11777, y ha repetido varias veces que *"la esencia y médula del trámite fijado para casos sobre reclamaciones de salarios, consagrado en la Ley Núm. 2 ..., constituye el procesamiento sumario y su rápida disposición." Díaz v. Hotel Miramar Corp.,* 103 D.P.R. 314 (1975); *Resto Maldonado v. Galarza,* 117 D.P.R. 458 (1986); *Srio. del Trabajo v. J.C. Penney Co.,* 119 D.P.R. 660 (1987).

Entre los atributos que le imprimen agilidad al trámite sumario, podemos mencionar (a) la perentoriedad del término para contestar la querella, (b) las restricciones a la utilización de los mecanismos de descubrimiento de prueba y (c) la prohibición dogmática de las reconvenciones contra el obrero.

En lo que atañe a los plazos de carácter sumario que contiene el procedimiento especial de reclamación de salarios, la ley establece que el juez no podrá prorrogar el término para contestar la querella salvo por causa justificada y *"en ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga".* Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios, primer párrafo, 32 L.P.R.A. sec. 3120.

En lo que concierne al descubrimiento de prueba en el pleito acogido al procedimiento sumario de reclamación de salarios, la ley no podría ser más clara y taxativa: *"ninguna de las partes podrá someter más de un interrogatorio o deposición **ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio,** ni someterle un interrogatorio después que le haya tomado una deposición, **excepto que medien circunstancias excepcionales** que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición".* Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios, 32 L.P.R.A. sec. 3120 (énfasis suplido).

En cuanto a la proscripción absoluta de las reconvenciones, la ley no provee excepciones. Simplemente, los tribunales carecemos de facultad alguna para permitir que el patrono reconvenga al obrero querellante.

Los atributos antes mencionados, los cuales caracterizan el procedimiento especial, son tres componentes distintos pero relacionados entre sí. Cada uno tiene su particular fin dentro del objetivo mayor de la ley. Cuando alguno de los componentes se quiebra eso repercute adversamente en los intereses sociales que pretende proteger. Al establecer en la Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios, 32 L.P.R.A. sec. 3120, la supletoriedad de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, el legislador tuvo el cuidado de particularizar que tales reglas se aplicarán *"[1] en todo aquello que no esté en conflicto con las disposiciones específicas de la Ley de Procedimiento Sumario de Reclamación de Salarios] o [2] con el carácter sumario del procedimiento establecido [por*

*esta ley]". Id.* (énfasis nuestro). Siguiendo el mismo tenor, el Tribunal Supremo ha reconocido que las Reglas de Procedimiento Civil aplicarán supletoriamente en las acciones de carácter especial *"siempre y cuando no se desvirtúe la naturaleza del procedimiento... ni la ley disponga expresamente su inaplicabilidad". Frente Unido Independentista v. C.E.E.,* ___ D.P.R. ___ (1990), **90 J.T.S. 65,** a la pág. 7740; cf., *ARPB v. Rodríguez,* ___ D.P.R. ___ (1991), **91 J.T.S. 9,** a la pág. 8327.

Lo anterior significa que al hacer el análisis sobre el alcance o extensión en que las Reglas de Procedimiento Civil pueden ser aplicadas a un procedimiento especial, debemos tener en mente que se trata de dos cuestiones a considerar de forma separada; no se trata de una sóla cuestión. Lo primero a ser determinado es si la materia en controversia está regulada en la ley especial. Si lo está, como en este caso, no hay que acudir a las Reglas de Procedimiento Civil para nada. Mucho menos invocar doctrinas y normas pensadas para el derecho procesal civil ordinario. Tampoco habría que entrar a discutir el segundo asunto relativo a si la aplicabilidad de las Reglas de Procedimiento Civil desvirtúa o no la naturaleza sumaria del procedimiento.

En otras palabras, el patrono querellado podría aducir, como en este caso, que la utilización ordinaria de los múltiples mecanismos de descubrimiento de prueba no afectarían el carácter sumario de la acción especial y, aún así, no podría tomar una deposición cuando ha notificado un interrogatorio y viceversa. En esto estriba precisamente el defecto del análisis del patrono recurrido puesto que piensa que se podría evadir el claro mandato de la ley con simplemente establecer que tomar una deposición después de haber notificado un interrogatorio no ocasionaría demora en el trámite de un proceso particular. Nada más lejos de la verdad, pues ésto no es un criterio por sí sólo.

En lo que respecta a la Ley de Procedimiento Sumario de Reclamación de Salarios, hemos visto que las Reglas de Procedimiento Civil se considerarán supletorias en todo lo relativo al descubrimiento de prueba no cubierto por el procedimiento especial sumario. Así, por ejemplo, aplican las Reglas de Procedimiento Civil a los asuntos relacionados con la notificación o citación de la parte para la deposición, el juramento, las objeciones, la firma de la deposición, etc., pero el número de deposiciones o la utilización de ese mecanismo conjuntamente con un interrogatorio escrito, no. Este último extremo es el que está específicamente regulado por el procedimiento especial sumario, el cual, como hemos visto, prohíbe que una parte le tome una deposición a la otra después que le haya sometido un interrogatorio o que le someta un interrogatorio después que le haya tomado una deposición. La única excepción a esta prohibición, si se nos excusa la redundancia, es que medien circunstancias *"excepcionales".*

La Ley de Procedimiento Sumario de Reclamación de Salarios no define lo que es una circunstancia *"excepcional".* El diccionario define *"excepcional"* como algo *"[e]xtraordinario, que ocurre rara vez".* VOX, *Diccionario General Ilustrado de la Lengua Española,* Biblograf, Barcelona, 1991, a la pág. 488. Veamos, entonces, cuáles son esas circunstancias extraordinarias, de esas que ocurren rara vez en los pleitos sumarios de reclamación de salarios por despido discriminatorio.

La circunstancia excepcional que aparentemente adujo el patrono recurrido ante el tribunal *a quo,* es que la solicitud del remedio --$100,000.00 en daños-- es una suma muy alta. Apéndice de la petición, a las págs. 21-22. Pero ante nosotros, en su oposición a la expedición del auto, el patrono recurrido abandona ese fundamento y, en su lugar, invoca las siguientes circunstancias: (a) el interés de hacer justicia; (b) el interés de descubrir la verdad; (c) que no se afectaría la fecha de la celebración del juicio; y (d) la conversión del procedimiento especial sumario en un procedimiento ordinario por la conducta de la propia empleada querellante.

Las dos circunstancias relativas al interés de hacer justicia y al interés de descubrir la verdad, deben ser descartadas perentoriamente por tratarse de un espejismo elegantemente vestido de retórica. La búsqueda de la verdad y el afán de hacer justicia (dos ideales con los que todos los jueces estamos comprometidos), son enteramente compatibles con el procedimiento especial provisto en la Ley de Procedimiento Sumario de Reclamación de Salarios que, de modo especialísimo, restringe el descubrimiento de prueba en este tipo de casos. De hecho, ante un planteamiento similar al que hace el patrono recurrido, el Tribunal Supremo declaró que las limitaciones que al respecto contiene este estatuto, no infringen las Cláusulas de Igual Protección y de Debido Proceso de Ley de nuestra Constitución, porque el mismo *"conserva una razonable oportunidad de defensa"* para el patrono. *Landrum Mills Corp. v. Tribunal Superior*, 92 D.P.R. 689, 692 (1965).

*Landrum Mills Corp.* reconoce que el estatuto especial contiene ciertas disposiciones que podrían considerarse más favorables al obrero que al patrono, pero lejos de ruborizarse ante esta inequidad responde sereno que la política pública en este tipo de caso lo justifica: *"El procedimiento para la reclamación de salarios de 1961 es un procedimiento especial, de naturaleza sumaria, y por considerar el Estado, que cualquier cuestión relacionada con el contrato de trabajo, por su posible efecto sobre la economía de nuestro pueblo, está revestida de interés publico, tiene ciertas disposiciones que son más favorables al obrero que al patrono, por haber sido la conclusión del estudio legislativo que no existe igualdad de medios económicos entre las partes para una adecuada defensa de sus respectivos derechos, al originarse la reclamación judicial." Id.*, a las págs. 691-92.

De todos modos, ya hemos dicho que, a tenor con la Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios, 32 L.P.R.A. sec. 3120, el patrono recurrido tenía la opción de tomarle una deposición a la empleada recurrente, en lugar de notificarle un interrogatorio escrito. Optó por esto último y de nada debe quejarse. Con ésto quedó satisfecha la *"razonable oportunidad de defensa"* a la que se refiere *Landrum Mills Corp.*

Utilizando estos mismos criterios, podemos evaluar la contención del patrono recurrido en el sentido de que la propia empleada querellante, con su conducta, convirtió el procedimiento especial sumario en un pleito civil ordinario. El patrono recurrido señala que, a pesar de que en su querella la empleada recurrente indicó su intención de tramitar el pleito mediante el procedimiento especial sumario, el trámite procesal convirtió el pleito en uno civil ordinario, puesto que lo único tramitado con carácter sumario dentro del término establecido en la Ley de Procedimiento Sumario de Reclamación de Salarios fue la contestación a la querella por parte del patrono recurrido. Específicamente, el patrono recurrido indica que la empleada recurrente no contestó el interrogatorio dentro de los treinta días fijados por la Regla 30.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III, R. 30.1, toda vez que tardó sesenta y dos (62) días en contestarlo y, asimismo, tardó ciento cuarenta (140) días en entregarle al patrono recurrido copia de la deposición que le tomó a éste. Por lo tanto, el patrono recurrido señala que la empleada recurrente no puede ir ahora contra sus propios actos. ■

Este argumento constituye realmente una invitación a que adoptemos en este tipo de caso una doctrina de *"conversión tácita automática"*. Bajo una doctrina como ésta, si un obrero querellante se demora en contestar el interrogatorio del patrono, o no solicita oportunamente un señalamiento, o no puede notificar prontamente la transcripción de la deposición tomada, el tribunal podría confiscarle automáticamente y sin ulterior trámite, el derecho que por imperativo de ley le asiste de beneficiarse de las disposiciones favorables de la Ley de Procedimiento Sumario de Reclamación de Salarios. Declinamos esta invitación.

En el caso de autos, la supuesta demora en la contestación de un interrogatorio o en la entrega de una copia de la transcripción de la deposición que invoca el patrono recurrido no parece haber sido planteado ante el Tribunal de Primera Instancia. Eso le hubiera brindado la

oportunidad a la empleada recurrente de explicar la situación, especialmente porque la prontitud con la que los taquígrafos preparan tales transcripciones no depende en muchas ocasiones del abogado que toma la deposición. Por ende, estas demoras no siempre son imputables a la parte ni son señal de desidia o abandono del trámite del caso ni deben ser consideradas como eventos que ocurren *"rara vez"*.

Respecto a la aplicación de la doctrina de los propios actos al caso de autos, bastará señalar que ir contra los propios actos es un principio general de Derecho que fluye espontáneamente del precepto del Art. 6 del Código Civil, 31 L.P.R.A sec.6, que instruye que, **en defecto de ley aplicable al caso,** el tribunal resolverá conforme a la equidad. Es decir, que *"se tendrá en cuenta la razón natural de acuerdo a los principios generales del derecho y los usos y costumbres aceptados y efectos propios, que van en protección de la confianza depositada en la apariencia, que es por extensión protección de un interés social o la consecución de un ideal de justicia".* Int. General Electric v. Concrete Builders, 104 D.P.R. 871, 878 (1976).

En el caso de autos, no vemos la necesidad de haber recurrido a esta doctrina. Tratándose de una norma de equidad sólo aplica cuando no existe una ley aplicable al caso. Sin embargo, en el caso de marras la controversia sobre autorizar o no la toma de una deposición se debió haber resuelto a tenor con lo dispuesto en la Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios, que es la ley que regula los métodos de descubrimiento de prueba que se pueden utilizar dentro del procedimiento sumario.

Es posible que el patrono recurrido y el tribunal *a quo* se estén refiriendo a la doctrina del abuso del derecho, pero ni el uno ni el otro la discuten. Dicha doctrina propone que *"[e]s ilegítimo el ejercicio de un derecho cuando el titular excede manifiestamente los límites impuestos por la buena fe o por el fin social o económico de ese derecho".* Velilla v. Pueblo Supermarkets, Inc., 111 D.P.R. 585, 588 (1981). Mas, sin embargo, para que aplique la doctrina del abuso del derecho al caso de autos, el patrono recurrido tenía que demostrar que la tardanza de la empleada recurrente en contestarle el interrogatorio o en notificarle la copia de la deposición, excedió la buena fe, pues ya sabemos que existe un fin social o económico útil en no permitirle al patrono la utilización irrestricta de los mecanismos de descubrimiento de prueba independientemente de que la toma de una deposición adicional en este caso no produzca mayor demora en el proceso. En este caso no se ha alegado siquiera la falta de buena fe.

Además, aplicando el concepto de *"circunstancia excepcional"* a la supuesta demora en la contestación de un interrogatorio o en la entrega de una copia de la transcripción de la deposición que invoca el patrono recurrido, no podemos menos que decirle al patrono recurrido que no se trata de un evento **extraordinario**, de esos que ocurren rara vez en los pleitos sumarios de reclamación de salarios por despido discriminatorio. Históricamente, como regla general, los casos de reclamación de salarios no son puestos en un calendario de trámite expedito en los tribunales de primera instancia. Ni siquiera los mismos abogados de los obreros querellantes son militantes o asertivos para exigir un trámite acelerado que tenga el mismo sentido de urgencia de otros pleitos como, por ejemplo, el **injunction** o el desahucio.

La conversión del trámite sumario a uno ordinario no puede favorecerse, mucho menos presumirse. La conversión debe decretarse expresamente por el Tribunal por causa justificada y poderosa o a solicitud del obrero querellante. Para ser decretada por el tribunal a solicitud del patrono querellado, y a pesar de la oposición del obrero querellante, el tribunal debe concluir que el trámite sumario no es idóneo para dilucidar las complejas cuestiones presentadas en ese pleito en particular o cuando la conducta del querellante es tan manifiestamente indiferente al trámite sumario que no quepa la menor duda en cuanto al abandono voluntario del

procedimiento expedito diseñado por el legislador. Meras dilaciones en contestar un interrogatorio o en notificar la transcripción de la deposición no bastan.■

Finalmente, en lo que concierne al argumento de que permitir la toma de la deposición no afectaría la fecha del juicio, nos remitimos a lo discutido en torno a la supletoriedad de las Reglas de Procedimiento Civil. Allí concluimos que no es jurídicamente correcto vincular la lentitud con que se mueve el proceso *"sumario"* de reclamación de salarios, con la restricción en cuanto al uso de los mecanismos de descubrimiento de prueba que impone la Sec. 3 de la Ley de Procedimiento Sumario de Reclamación de Salarios. La limitación al descubrimiento de prueba, es decir, el hecho de que en circunstancias ordinarias solo pueda utilizarse el interrogatorio escrito o la deposición oral, pero no ambos, es, como hemos dicho, un valor social en sí mismo que promueve esta ley y que los tribunales debemos salvaguardar. Aunque es uno de los elementos vinculados al carácter sumario del procedimiento, no es lo único que lo define. El aflojamiento de esta norma, aparte de infringir una clara política pública del Estado Libre Asociado de Puerto Rico, constituiría una burla a un derecho que la clase trabajadora puertorriqueña conquistó en 1917, hace casi ochenta años.■ En las circunstancias de este caso, el tribunal recurrido carecía de discreción para autorizar que se le tomara la deposición a la empleada recurrente.

## III
Con estos antecedentes, se expide el auto solicitado y se revoca la resolución recurrida.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 56**

1. La reclamación de $100,000.00 consta en la querella desde el inicio, es decir, desde antes de que el patrono recurrido decidiera notificar un interrogatorio, en lugar de tomar una deposición.

2. Por otro lado, no debemos olvidar que el plazo fatal de 15 días dispuesto en la Regla 47, es únicamente aplicable a *las sentencias o a las resoluciones* **finales**, *respecto de las cuales estuviere transcurriendo un plazo fatal o jurisdiccional, al cabo del cual la sentencia deviene firme.* Hiram A. Sánchez Martínez, *La reconsideración de resoluciones u órdenes interlocutorias y de sentencias finales*, XV Rev. Jur. U.I.A. 367 (1981). Por definición, las resoluciones interlocutorias no pueden devenir firmes mientras el caso no finalice por sentencia. De hecho, una resolución interlocutoria puede ser modificada e incluso dejada sin efecto, en cualquier momento, por cualquier otro juez de la misma categoría que esté actuando en el caso y la considere errónea. *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975).

3. El posible argumento de que la empleada recurrente renunció al remedio que solicita mediante este recurso, por el hecho de que el día de la conferencia sobre el estado del caso coordinó con el patrono recurrido la fecha de su deposición, debe ser descartado. El patrono recurrido no ha refutado ante nosotros la alegación de que tal coordinación obedeció al hecho de que el tribunal autorizó tal deposición y **ordenó** a las partes que se pusieran de acuerdo en cuanto a una fecha.

Es evidente que la empleada recurrente *objetó la solicitud de la toma de la deposición tan pronto* el patrono recurrido la presentó al tribunal amparándose en un fundamento correcto en derecho. Eso era todo lo que podía hacer en ese momento. Posteriormente, en su oficina, el abogado de la querellante podía hacer exactamente lo mismo que puede hacer cualquier otra parte a quien se le resuelve adversamente un asunto: solicitar reconsideración ante el mismo foro o acudir en alzada al nuestro.

4. Notamos, además, que el patrono recurrido solicitó tomar la deposición casi cinco meses después de haber

recibido la contestación al interrogatorio que le cursó a la querellante. Así, en lo que respecta al fundamento de la demora ocasionada por la parte querellante, de haberla, el patrono recurrido se encuentra *in pari delicto*.

**5.** La Ley de Procedimiento Sumario de Reclamación de Salarios de 1961, es una reformulación, con muy pocos cambios, de la Ley Núm. 10 de 14 de noviembre de 1917. *Dorado Beach Corp. v. Tribunal Superior,* 92 D.P.R. 610, 615 (1965).