EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Olivia Vizcarrondo Morales <br><br> Peticionaria <br><br> vs. <br><br> MVM, Inc.; Sr. Majid Bazzi, su esposa Fulana de Tal, y la Sociedad Legal de Gananciales Compuesta por ellos; Fulano de Tal y Sutano Mas Cual <br><br> Recurridos | Certiorari <br><br> 2008 TSPR 164 <br><br> 175 DPR _____ |

Número del Caso: CC-2008-195

Fecha: 6 de octubre de 2008

Tribunal de Apelaciones:

      Región Judicial de Carolina Guayama Panel XIII

Juez Ponente:

      Hon. Rafael Ortiz Carrión

Abogada de la Parte Peticionaria:

      Lcda. Sara M. Chico Matos

Abogadas de la Parte Recurrida:

      Lcda. Sara E. Colón Acevedo
      Lcda. Ana B. Rosado – Frontanés

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Olivia Vizcarrondo Morales

    Peticionaria

       vs.

                           CC-2008-195     Certiorari

MVM, Inc.; Sr. Majid Bazzi,
su esposa Fulana de Tal, y la
Sociedad Legal de Gananciales
compuesta por ellos; Fulano de
Tal y Sutano Mas Cual

    Recurridos

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico a 6 de octubre de 2008.

En el día de hoy, debemos resolver si un tribunal tiene discreción para negarse a anotarle la rebeldía a un patrono que no contestó una querella laboral dentro del término correspondiente, ni presentó una solicitud de prórroga juramentada a esos efectos, conforme a lo establecido en el procedimiento sumario para ventilar querellas laborales dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 *et seq.*

Con el propósito de terminar con la incertidumbre existente, tanto en los tribunales

de instancia como en el Tribunal de Apelaciones, sobre la correcta aplicación de la Ley Núm. 2, *supra*, resolvemos que de conformidad con la letra del referido estatuto, un tribunal no tiene discreción para negarse a anotar la rebeldía en las circunstancias antes descritas. No obstante, luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que el querellante sustente sus alegaciones y pruebe los daños reclamados. Dichas vistas deberán realizarse de acuerdo a las normas que rigen los procedimientos en rebeldía.

I

Los hechos de este caso no están en controversia. El 24 de agosto de 2007, la Sra. Olivia Vizcarrondo Morales presentó una querella en contra de la corporación foránea MVM, Inc. (en adelante, MVM), en la cual invocó el procedimiento sumario dispuesto en la Ley Núm. 2, *supra*. En la referida querella, la señora Vizcarrondo Morales alegó que fue objeto de un despido injustificado y discriminatorio por razón de su edad. Adujo que la actuación del patrono le causó daños morales y lucro cesante, por lo que solicitó indemnización bajo la Ley General Contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 151 (2), y la Ley de Despido Injustificado, Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185(a) *et seq*.

MVM fue notificada de la querella presentada en su contra el 4 de septiembre de 2007. En el emplazamiento, se

le apercibió que se había invocado el procedimiento sumario dispuesto en la Ley Núm. 2, *supra,* y que por haberse diligenciado el mismo fuera del distrito judicial en que se promueve la acción, MVM tenía un plazo de quince (15) días para presentar su contestación. No obstante, MVM no presentó su contestación dentro del plazo indicado, por lo que el 27 de septiembre de ese mismo año la señora Vizcarrondo Morales presentó una moción solicitando la anotación de rebeldía y el señalamiento de una vista. En respuesta a dicha solicitud, el tribunal de instancia emitió una orden para que la querellante evidenciara haber notificado a MVM de la querella presentada. A tales efectos, el 5 de noviembre de 2007 la señora Vizcarrondo Morales presentó evidencia de la notificación debidamente diligenciada.

Así las cosas, el 26 de octubre de 2007, **cincuenta y tres (53) días luego de ser notificada de la querella,** MVM presentó su contestación junto a una moción en oposición a que se le anotase la rebeldía por no haber contestado dentro del término correspondiente. Además, solicitó que la reclamación se ventilara mediante el procedimiento ordinario. Justificó dicha solicitud aduciendo que es una corporación foránea, con oficinas centrales y división legal localizadas fuera de Puerto Rico, y que las alegaciones de patrono sucesor y de discrimen por edad, así como la reclamación por daños morales que hiciera la

querellante, no están relacionadas con información que obre en los expedientes de la empresa.

El 26 de noviembre de 2007, el tribunal de instancia declaró Con Lugar la solicitud del patrono querellado. Asimismo, dictó una orden solicitando a la representación legal de ambas partes que se reunieran para poder continuar con los procedimientos ulteriores.

Inconforme, la señora Vizcarrondo Morales recurrió al Tribunal de Apelaciones y solicitó la revisión de la orden dictada por el foro de instancia. De igual forma, solicitó al tribunal apelativo que, en auxilio de su jurisdicción, paralizara los procedimientos en el tribunal de instancia. En su recurso, la señora Vizcarrondo Morales adujo que erró el foro primario al no anotar la rebeldía a MVM y al autorizar que la reclamación se ventilara mediante el procedimiento ordinario. Por último, le imputó error al tribunal de instancia por aceptar la contestación presentada por MVM fuera del término establecido para ello en la Ley Núm. 2, *supra*.

El Tribunal de Apelaciones se negó a expedir el auto solicitado. En esencia, resolvió que aun cuando en estos casos el patrono debe contestar la querella presentada dentro del término establecido en la Ley Núm. 2, *supra*, la solicitud para que la querella se tramite por la vía ordinaria puede hacérsele al tribunal en cualquier momento, antes o después de transcurrido el plazo mencionado. El tribunal fundamentó su determinación en la Sentencia

emitida por este Tribunal en Padilla v. Anabas, 162 D.P.R. 637 (2004). Ello a pasar de que la misma no creó un precedente.

Inconforme con la determinación del foro apelativo, acude ante nos la señora Vizcarrondo Morales y, esencialmente, presenta los mismos señalamientos de error. Sostiene que erró el foro apelativo al no anotar la rebeldía según le fue solicitado, ni señalar los procedimientos correspondientes. De igual forma, le imputa al tribunal apelativo haber errado al permitir la contestación tardía de la querella y al autorizar la solicitud de la parte recurrida para continuar el trámite de los procedimientos por la vía ordinaria.

Examinado el recurso presentado, emitimos una orden a MVM para que mostrara causa, si alguna tuviera, por la cual no debíamos revocar la resolución dictada en este caso por el Tribunal de Apelaciones. Con el beneficio de su comparecencia, procedemos a resolver sin trámites ulteriores.

## II

La Ley Núm. 2, *supra,* provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales. 32 L.P.R.A. sec. 3118. Dichas reclamaciones, por su naturaleza y finalidad, ameritan ser resueltas a la brevedad posible "para así lograr los propósitos

legislativos de proteger el empleo, desalentar los despidos injustificados y proveerle al obrero despedido medios económicos para su subsistencia mientras consigue un nuevo empleo". Lucero Cuevas v. The San Juan Star Company, 159 D.P.R. 494 (2003); Ruiz Rivas v. Col. San Agustín, 152 D.P.R. 226 (2000); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996).

El procedimiento sumario consagrado en la Ley Núm. 2, *supra,* es uno especial cuyas disposiciones deben interpretarse liberalmente a favor del empleado. Ello en virtud de la desigualdad de medios económicos que existe entre las partes. Lucero Cuevas v. The San Juan Star Company, *supra*; Piñero González v. A.A.A., 146 D.P.R. 890 (1998); Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689 (1965). Por tanto, el procedimiento le impone la carga procesal más onerosa al patrono, sin que ello signifique que éste queda privado de defender sus derechos. Rivera v. Insular Wire Products Corp., *supra*.

Anteriormente hemos expresado que la naturaleza sumaria del procedimiento constituye su característica esencial, por lo que tenemos la obligación de promover y exigir diligencia y prontitud en la tramitación de las reclamaciones laborales conforme al claro mandato legislativo plasmado en la Ley Núm. 2, *supra*. Lucero Cuevas v. The San Juan Star Company, *supra*; Mercado Cintrón v. Zeta Communications, Inc., 135 D.P.R. 737 (1994); Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986); Díaz

v. Hotel Miramar Corp., 103 D.P.R. 314 (1975). En vista de ello, tanto los tribunales como las partes deben respetar los términos relativamente cortos dispuestos en el estatuto para contestar la querella; los criterios estrictos para conceder una prórroga para contestar la querella; el mecanismo especial que flexibiliza el emplazamiento del patrono y —entre otras particularidades provistas por la ley— las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en uno ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. Lucero Cuevas v. The San Juan Star Company, *supra.*

Es norma reiterada que cuando se entabla una reclamación bajo el procedimiento sumario y se notifica al patrono querellado con copia de la querella, éste viene obligado a presentar su contestación dentro de unos términos más cortos que los provistos para los procedimientos ordinarios. Sobre el particular, la Sección 3 de la referida ley dispone que el patrono presentará la contestación por escrito dentro de los diez (10) días siguientes a la notificación, si ésta se hiciere en el distrito judicial en el que se promueve la acción, y dentro de los quince (15) días en los demás casos. 32 L.P.R.A. sec. 3120.

En los casos en que el patrono querellado no presente la contestación dentro del término correspodiente, la

citada disposición legal regula el modo en que tanto las partes como el tribunal deben proceder. De esta forma, la propia ley delimita el alcance de la autoridad de los tribunales. A esos efectos, la Sección 3 establece que:

> […] se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. **Solamente a moción de la parte querellada**, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. **En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga**. (Énfasis nuestro). *Id.*

De esta normativa surge el deber inequívoco del tribunal de darle cabal cumplimiento al procedimiento dispuesto en la Ley Núm. 2, *supra*, ya que carece de jurisdicción para extender el término para contestar una querella, a menos que se observen los criterios o normas procesales para la concesión de una prórroga. Valentín v. Housing Promoters, Inc., 146 D.P.R. 712 (1998); Mercado Cintrón v. Zeta Communications, Inc., *supra.*

En caso de que la parte querellada se acoja al mecanismo de solicitud de prórroga para contestar, la Ley Núm. 2, *supra*, igualmente regula el modo en que esta petición debe formularse. El estatuto requiere que la parte querellada someta la moción de prórroga dentro del término provisto para presentar la contestación. Además, exige que el patrono querellado cumpla con varios criterios adicionales para la formulación de dicha solicitud, a

saber: (a) que se juramente la moción; (b) que se especifiquen los motivos que justifican su concesión; y (c) que la moción se notifique a la parte querellante. 32 L.P.R.A. sec. 3120. En ningún otro caso, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esa prórroga. *Id.* De hecho, aun si se cumple con los criterios antes expuestos, el tribunal no está obligado a conceder la prórroga, toda vez que dicha determinación dependerá de si la parte querellada demostró mediante la propia moción la existencia de una causa justificada para la dilación.

A tono con lo anterior, la Sección 4 de la Ley Núm. 2, 32 L.P.R.A. sec. 3121, expresamente dispone que **el incumplimiento con el término dispuesto para presentar la contestación o, en la alternativa, con los criterios para solicitar la prórroga, conlleva que el juez dicte sentencia en contra del querellado, a instancias del querellante, concediendo el remedio solicitado.**[1]  En ese caso, dicha

---

[1] Según citamos en <u>Ocasio Méndez v. Kelly Services Inc.</u>, 163 D.P.R. 653 (2005):

> […] "el propósito de estar sujeto a esta anotación es como disuasivo contra aquellos que puedan recurrir a la dilación como un elemento de su estrategia en la litigación." J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Ed. Luiggi Abraham, 2000, T. II, pág. 750. El trámite en rebeldía se fundamenta en "la obligación de los tribunales de evitar que la adjudicación de causas se paralicen simplemente por la circunstancia de que una parte opte por detener el proceso de litigación", <u>Continental Ins. Co. v. Isleta Marina</u>, 106 D.P.R. 809, 817 (1978).

sentencia será final y la misma no podrá apelarse. *Id*. En vista del lenguaje categórico del estatuto en cuestión, reiteramos que de ordinario no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2, *supra*. Véase <u>Mercado Cintrón v. Zeta Communications, Inc.</u>, *supra*.

Ahora bien, anteriormente hemos expresado que aun bajo el esquema sumario dispuesto en la Ley Núm. 2, *supra*, los tribunales tienen discreción para flexibilizar las limitaciones que éste impone al patrono en cuanto al descubrimiento de prueba. Véase <u>Berríos Heredia v. González</u>, 151 D.P.R. 327, 345 (2000). Dicha discreción para flexibilizar algunos aspectos del procedimiento sumario dispuesto en la Ley Núm. 2, *supra*, podría resultar suficiente para conferirle al patrono el mínimo de las garantías constitucionales necesarias sin que se desvirtúe el carácter sumario del proceso.

Más aún, en <u>Rivera v. Insular Wire Products Corp.</u>, *supra*, reconocimos la autoridad de los tribunales para, luego de realizar un ponderado análisis de los intereses involucrados, tramitar la querella de forma ordinaria. Esta discreción debe ser utilizada por los tribunales, particularmente, cuando la concesión de prórrogas o de un

_____

Conforme a ello, "el mismo opera como remedio coercitivo contra una parte adversaria la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse." (citas omitidas)

descubrimiento de prueba más extenso dentro de los parámetros de la Ley Núm. 2, *supra*, resultaría insuficiente para proteger los derechos de las partes, y en última instancia, para hacer cumplida justicia. Véase Berríos Heredia v. González, *supra*, pág. 346.

No obstante, del referido precedente jurisprudencial se desprende que dicha determinación no debe hacerse livianamente y que una mera alegación de la parte querellada en términos de que la reclamación instada en su contra es compleja, no justifica la conversión del proceso en uno ordinario. Berríos Heredia v. González, *Id*. En aquella ocasión, resolvimos que, entre otros factores, antes de hacer esta determinación el tribunal debe evaluar si los hechos descritos requieren tomar deposiciones a múltiples testigos; si a la luz de las alegaciones se requerirá la presentación de prueba pericial particularmente compleja; y si resulta necesario el examen de expedientes médicos o la realización de exámenes físicos que convertirían el descubrimiento de prueba en una etapa incompatible con el carácter expedito del procedimiento dispuesto en la Ley Núm. 2, *supra*. Véase Berrios Heredia v. González, *Id*.

Sin embargo, la solicitud de la parte querellada a estos efectos debe hacerse oportunamente, dentro de los términos establecidos por la Ley Núm. 2, *supra*, para contestar la querella o solicitar la prórroga

correspondiente. Así se desprende de lo resuelto por este Tribunal en Berríos Heredia, donde expresamos lo siguiente:

> A tenor con lo anterior, resolvemos que compete a los tribunales determinar, ante un **oportuno** planteamiento al respecto, si encauza una querella laboral que incluya una reclamación por concepto de angustias mentales mediante el trámite ordinario o el sumario contemplado en la Ley Núm. 2. (Énfasis nuestro) Berríos Heredia v. González, *Id*, págs. 346-347.

Es menester señalar que en Berríos Heredia el patrono había presentado su solicitud de prórroga para contestar la querella, y la solicitud para que se tramitara la misma por la vía ordinaria, dentro del término establecido por la Ley Núm. 2, *supra*, para presentar su contestación. Por tanto, en aquel momento este Tribunal no tuvo que enfrentarse a la controversia que hoy nos ocupa; a saber, si el tribunal tiene discreción para negarse a anotar la rebeldía y tramitar, por la vía ordinaria, una querella presentada al amparo del procedimiento sumario provisto en la Ley Núm. 2, *supra*, a pesar de que el querellado no contestó dentro del término establecido para ello, ni presentó una solicitud de prórroga juramentada a esos efectos.

Posteriormente, en Kuilan v. Díaz Fastening, *Id*, nos vimos precisados a armonizar la Ley Núm. 2, *supra*, con la Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. sec. 94 *et seq*. En aquella ocasión, la empleada perjudicada había presentado una querella en contra de su patrono al amparo de la Ley Núm. 115, *supra,* y, para encauzar la misma, invocó el procedimiento sumario de la Ley Núm. 2,

*supra*. Tras analizar las alegaciones de las partes, determinamos que, aun cuando procedía anotarle la rebeldía al patrono por haber contestado la querella fuera del término dispuesto en la Ley Núm. 2, *supra*, erró el foro primario al dictar sentencia en rebeldía. Ello debido a que la empleada se limitó a hacer alegaciones conclusorias sin hecho alguno, por lo que no pudo probar una violación a la Ley Núm. 115, *supra*, mediante evidencia directa o circunstancial, tal y como lo requiere el referido estatuto.

Por ello, resolvimos que aun cuando procedía que el foro de instancia dictara sentencia en rebeldía en cuanto a las alegaciones de la querellante sobre despido injustificado, devolvimos el caso al tribunal de instancia para que continuaran los procedimientos en cuanto al reclamo bajo la Ley Núm. 115, *supra*. **No obstante, modificamos la resolución emitida por el foro apelativo en cuanto ésta permitió que el patrono contestara la querella presentada**. Por último, dejamos en manos del foro primario determinar si los procedimientos relacionados a las reclamaciones al amparo de la Ley Núm. 115, *supra,* debían continuar bajo el procedimiento sumario dispuesto en la Ley Núm. 2, *supra*, o si, por el contrario, era necesario encauzar los mismos por la vía ordinaria.

No obstante, nuestros pronunciamientos en <u>Kuilan v. Díaz Fastening</u>, *supra*, no terminaron con la incertidumbre existente tanto en los tribunales de instancia como en el

foro apelativo. Por el contrario, este Tribunal sigue recibiendo múltiples recursos sobre controversias relacionadas a la correcta aplicación de la Ley Núm. 2, *supra*. Dicha incertidumbre hace necesario que resolvamos la controversia de si un tribunal tiene discreción para negarse a anotar la rebeldía y decidir, *motu proprio*, convertir el procedimiento sumario dispuesto en la Ley Núm. 2, *supra*, en uno ordinario, aun cuando el patrono no hubiere presentado su contestación a la querella dentro de los términos correspondientes.

De hecho, tal como señalamos anteriormente, en el caso de autos el foro apelativo citó una de las Sentencias relacionadas a la aplicación de la Ley Núm. 2, *supra*, emitida recientemente por este Tribunal; a saber, Padilla v. Anabas, *supra*. Ello a pesar de que dicha sentencia no tiene valor de precedente.

Basándose en la referida Sentencia, el foro apelativo se negó a expedir el auto solicitado y, de esa manera, confirmó al tribunal de instancia que se negó a anotar la rebeldía y resolvió encauzar la querella por la vía ordinaria. Ello aun cuando MVM había presentado su contestación cincuenta y tres (53) días luego de haber sido notificada de la querella y, por tanto, fuera del término establecido en el referido estatuto. Erró el foro apelativo al así resolver.

III

La Ley Núm. 2, *supra*, dispone, en lo pertinente, que el tribunal no tiene jurisdicción para extender el término para contestar una querella a menos que se presente una moción de prórroga juramentada explicando por qué se le debe conceder más tiempo a la parte querellada para contestar la misma dentro del término establecido para ello. Sólo ante circunstancias extraordinarias se podría justificar una aplicación más flexible del referido estatuto. Es por ello que, a modo de excepción, hemos afirmado que el tribunal puede conceder una prórroga cuando del mismo expediente surgen los motivos que justifican la dilación del patrono querellado para presentar su contestación. Véase <u>Valentín v. Housing Promoters, Inc.</u>, 146 D.P.R. 712 (1998).

De lo anterior se desprende que la consecuencia de que el querellado no conteste dentro del término prescrito sin acogerse a la prórroga, o cuando del expediente no surjan las causas que justifiquen la dilación, es la anotación de la rebeldía y la concesión del remedio solicitado sin más citarle ni oírle. 32 L.P.R.A. sec. 3120; <u>León García v. Restaurante El Tropical</u>, 154 D.P.R. 249 (2001). Nótese que el lenguaje de la ley no es discrecional. Por el contrario, se trata de un lenguaje que le ordena al tribunal dictar sentencia cuando el querellado no contesta oportunamente sin una causa justificada.

**Por tanto, como norma general, luego de que se extingue el término para contestar la querella sin que se haya justificado adecuadamente la incomparecencia, el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal según establecida por la referida Sección 3 de la Ley Núm. 2, *supra*.**

No obstante, la Sentencia emitida por el Tribunal de Apelaciones en el caso de autos, parece implicar que la falta de cumplimiento con los términos para contestar la querella que dispone la Ley Núm. 2, *supra*, no es pertinente al determinar si el tribunal posee facultad para convertir el procedimiento sumario en uno ordinario. Si la propia ley dispone que el tribunal carece de jurisdicción para aceptar la contestación tardía a la querella, no puede concluirse que sí posee jurisdicción para negarse a anotar la rebeldía y convertir el procedimiento en ordinario. Dicha interpretación le concedería una ventaja adicional a la parte en mejor posición en estos casos, o sea el patrono querellado. Ello, a pesar de que éste no fue diligente en la tramitación de la reclamación presentada en su contra.

Sin embargo, de ninguna manera debe interpretarse que el curso que debe seguir una reclamación originalmente presentada bajo el procedimiento sumario dispuesto en la Ley Núm. 2, *supra*, es una defensa afirmativa que debe alegarse en la contestación a la querella. Ciertamente,

tanto el tribunal como las partes pueden plantear en cualquier momento durante el curso de los procedimientos que la naturaleza de la reclamación amerita que el proceso se convierta en uno ordinario. No obstante, ese planteamiento tiene que surgir cuando el tribunal posee autoridad para así actuar. Si en vista de la estructura dispuesta en el procedimiento sumario dispuesto por la Ley Núm. 2, *supra*, las circunstancias no le proveen facultad al tribunal para aceptar una contestación tardía a la querella, ni para disponer otra cosa que no sea la anotación de la rebeldía, no puede concluirse que, a pesar de ello, el tribunal podría incluso *motu proprio* convertir la reclamación en una ordinaria y permitirle al patrono contestar la querella.

Aun cuando reconocemos la discreción del tribunal para determinar la forma en que se debe encauzar la querella a fin de hacerle justicia a las partes, esa discreción está limitada por el mandato expreso de la ley, que dispone que, en general, pasado el término para que el patrono conteste la querella sin que ello ocurra, y sin que se haya solicitado prórroga, el tribunal sólo tiene jurisdicción para anotar la rebeldía y dictar sentencia. En estos casos, el tribunal no puede ignorar la letra clara de la Ley Núm. 2, *supra,* y negarse a anotar la rebeldía. En vista de ello, erraron tanto el tribunal de instancia como el foro apelativo al negarse a anotar la rebeldía a MVM, aun cuando este último había presentado su contestación a

la querella fuera de los términos establecidos por ley, sin presentar justa causa para ello.

Ahora bien, el hecho de que se haya anotado la rebeldía no es garantía *per se* de una sentencia a favor del querellante. Como es sabido, al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante o querellante. Además, los daños generales, o sea, las sumas no liquidas reclamadas tienen que probarse; en todo caso, la cuantía de los daños debe ser objeto de prueba. Por tanto, el tribunal debe celebrar las vistas que sean necesarias y adecuadas para tomar una determinación al respecto. *Véase*, Ruiz Rivas v. Colegio San Agustín, 152 D.P.R. 226 (2000); Rodriguez v. Syntex Puerto Rico, Inc., 148 D.P.R. 604 (1999); Hernández v. Espinosa, 145 D.P.R. 248 (1998); Vélez Borges v. Scouts of America, 145 D.P.R. 528 (1998); Marin Kuilan v. Díaz Fastening, supra.

Conforme a lo anterior, luego de anotar la rebeldía, el tribunal debe celebrar las vistas evidenciarias que sean necesarias y adecuadas para que el querellante sustente sus alegaciones y pruebe los daños alegados en la querella. Al celebrar las referidas vistas, el tribunal deberá aplicar los mecanismos contemplados en las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, para casos en rebeldía. Lo que no puede hacer el tribunal es negarse a anotar la rebeldía

y permitir la contestación presentada fuera de término, como ocurrió en el caso de autos.

En vista de todo lo anterior, erraron los foros recurridos al negarse a anotar la rebeldía a MVM y declarar con lugar la solicitud presentada para que la querella fuera tramitada por la vía ordinaria y permitir la contestación presentada tardíamente. El tribunal no tenía jurisdicción para así actuar. Si el foro primario entendía que las alegaciones hechas en la querella requerían algún trámite ulterior antes de dictar sentencia, éste pudo celebrar las vistas que a esos efectos estimara necesarias. No obstante, dichas vistas deben celebrase de conformidad con la normativa aplicable a los pleitos en rebeldía. Decidir lo contrario sería circunvalar y burlar el esquema sumario dispuesto en la Ley Núm. 2. *supra,* para ventilar querellas laborales.

## IV

Por los fundamentos que anteceden, se revoca la Sentencia emitida en este caso por el Tribunal de Apelaciones y se devuelve el caso al foro de instancia para trámites ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Olivia Vizcarrondo Morales

    Peticionaria

       vs.

                           CC-2008-195     Certiorari

MVM, Inc.; Sr. Majid Bazzi,
su esposa Fulana de Tal, y la
Sociedad Legal de Gananciales
compuesta por ellos; Fulano de
Tal y Sutano Mas Cual

    Recurridos

SENTENCIA

San Juan, Puerto Rico a 6 de octubre de 2008.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia emitida en este caso por el Tribunal de Apelaciones y se devuelve el caso al foro de instancia para trámites ulteriores consistentes con lo aquí resuelto.

    Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

                 Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo