EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan Padilla Pérez<br><br>   Querellante-Peticionario<br><br>v.<br><br>Anabas Corporation-Villa Pannonia,<br>representada por Pedro Ortiz<br><br>   Querellada-Recurrida | Certiorari<br><br>2004 TSPR 129<br><br>162 DPR \_\_\_\_ |

Número del Caso: CC-2003-402

Fecha: 23 de julio de 2004

Tribunal de Circuito de Apelaciones:

   Circuito Regional V

Juez Ponente:

   Hon. German J. Brau Ramírez

Abogado de la Parte Peticionaria:

   Lcdo. Reynaldo E. Torres Muñiz

Abogado de la Parte Recurrida:

   Lcdo. René F. Sotomayor Santos

Materia: Reclamación por Despido por Razón Impedimento

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan Padilla Pérez

    Querellante peticionario

       v.

Anabas Corporation –
Villa Pannonia, representada       CC-2003-402
por Pedro Ortiz

    Querellada recurrida

SENTENCIA

San Juan, Puerto Rico a 23 de julio de 2004

En el presente recurso debemos determinar si el antiguo Tribunal de Circuito de Apelaciones (en adelante Tribunal de Apelaciones) actuó correctamente al confirmar una Resolución del Tribunal de Primera Instancia mediante la cual ordenó encauzar el trámite procesal de la querella laboral instada por el Sr. Juan Padilla Pérez por la vía ordinaria. A continuación detallaremos el trasfondo fáctico del recurso de autos.

I

El querellante señor Padilla Pérez fue contratado por Anabas Corporation el 26 de junio de 2001 para realizar el trabajo de ayudante de plomero en el Proyecto Villa Pannonia en Ponce.  De acuerdo a las condiciones del empleo, éste debía trabajar durante cuarenta (40) horas semanales los cinco (5) días de la semana y días feriados y devengaría un salario de $5.15 por hora.  El señor Padilla Pérez tiene una limitación física consistente en la falta de la mano y el brazo del lado izquierdo.

El 6 de julio de 2001, luego de haber trabajado sólo ocho (8) días en la empresa, el señor Padilla Pérez fue despedido de su empleo.  Insatisfecho con la decisión del patrono, el 28 de mayo de 2002 presentó una querella alegando que su despido se debió a su impedimento físico y que el mismo fue ilegal y discriminatorio, en contravención a la Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. secs. 501 *et seq.* (en adelante Ley Núm. 44), y a la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. secs. 146 *et seq.* (en adelante Ley Núm. 100).  Invocó la jurisdicción del tribunal al amparo de la Ley Núm. 44, *supra*, la Ley Núm. 100, *supra*, y la Ley de Procedimiento Sumario Laboral, Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq.* (en adelante Ley Núm. 2).[1]

---

[1] Aparentemente por un error involuntario, en la querella se citó incorrectamente la Ley Núm. 2, *supra*, como la "Ley 10 del 14 de noviembre de 1917", sin

Adujo que estaba cualificado y capacitado para llevar a cabo sus tareas en el empleo y que el patrono estaba obligado a proveerle acomodo razonable, de entender que su impedimento físico obstaculizaba el cumplimiento con las funciones del empleo. El querellante solicitó que Anabas Corporation cesara sus prácticas discriminatorias, lo repusiera en su empleo e indemnizara por los daños, angustias mentales y pérdida de ingresos que le había ocasionado por la cantidad de $19,624.00.

El 4 de junio de 2002 el tribunal de instancia emitió una orden para que se notificara un mandamiento dirigido a la querellada Anabas Corporation donde la apercibió que debía presentar su contestación a la querella por escrito dentro del término de diez (10) días de haber recibido la notificación, si ésta se hacía dentro del distrito judicial en el que se presentó la reclamación, o dentro del término de quince (15) días, si se hacía en un distrito judicial distinto. Dicho mandamiento fue diligenciado el 7 de julio de 2002.

Anabas Corporation presentó su contestación el 16 de agosto de 2002, es decir, treinta y nueve (39) días después de haber sido notificada la querella. En ésta negó que sus actuaciones fueran discriminatorias y adujo que la querella no podía ser tramitada al amparo de la

---

embargo, se citaron correctamente las secciones de la Ley de Procedimiento Sumario Laboral en la colección Leyes de Puerto Rico Anotadas.

Ley Núm. 2, *supra*, debido a la acumulación de reclamaciones que contenía.

El 29 de agosto de 2002 el foro de instancia celebró una vista en la que el señor Padilla Pérez alegó que la querellada Anabas Corporation no había presentado su contestación dentro del término establecido en la Ley Núm. 2, *supra*, y que tampoco había solicitado prórroga para contestar, por lo cual procedía que el tribunal dictase sentencia en rebeldía. El tribunal concedió término a las partes para expresarse sobre el particular. Luego de contar con sus respectivos argumentos y tras varios incidentes procesales, el foro *a quo* emitió una Resolución el 9 de abril de 2003 en la que determinó:

1) **Las controversias adelantadas en este caso son de naturaleza compleja y por lo tanto el mismo debe proceder por la vía ordinaria.**
2) La anotación de rebeldía en este caso no es procedente. **Para formar la adecuada conciencia judicial, es necesario comprobar las alegaciones vertidas mediante prueba.** La vista en los méritos es requisito indispensable para esta encomienda. (Énfasis suplido y citas omitidas.)

De esta determinación recurrió el señor Padilla Pérez ante el Tribunal de Apelaciones mediante petición de *certiorari* y moción en auxilio de jurisdicción. Ambas fueron denegadas el 1 de mayo de 2003. Señaló el foro apelativo que la adjudicación de la reclamación requería una ponderación de hechos a la luz de las respectivas alegaciones de las partes, por lo que debía ser tramitada por la vía ordinaria.

Inconforme, el señor Padilla Pérez presentó una solicitud de *certiorari* ante este Tribunal donde alegó que el foro apelativo intermedio incidió al determinar que no procedía la anotación de rebeldía al querellado a pesar de que éste presentó tardíamente su contestación.

Mediante Resolución de 3 de julio de 2003 ordenamos la paralización de los procedimientos ante el tribunal de instancia. Además, ordenamos a la parte recurrida, Anabas Corporation, mostrar causa por la cual no debemos revocar el dictamen del foro apelativo. Con el beneficio de los argumentos de las partes, resolvemos que actuó correctamente el foro apelativo intermedio al ordenar la tramitación del caso por la vía ordinaria. En consecuencia, se expide el auto de *certiorari* solicitado y se dicta sentencia confirmando la Resolución emitida por el Tribunal de Apelaciones. Devolvemos el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Naveira Merly emitió una Opinión de Conformidad. El Juez Asociado señor Hernández Denton disiente con Opinión escrita a la que se une el Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Fiol Matta.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan Padilla Pérez

    Querellante peticionario

        v.

Anabas Corporation –
Villa Pannonia, representada        CC-2003-402
por Pedro Ortiz

    Querellada recurrida

Opinión de Conformidad emitida por la Jueza Presidenta señora NAVEIRA MERLY

San Juan, Puerto Rico a 23 de julio de 2004

I

Con el beneficio del trasfondo fáctico expuesto en la Sentencia, pasaremos a discutir las controversias que presenta el recurso de marras. En primer lugar, debemos determinar si la reclamación del señor Padilla Pérez fue instada al amparo de la Ley de Procedimiento Sumario Laboral, Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq.* Un examen de los autos nos convence de que, en efecto, el señor Oadilla Pérez se acogió al procedimiento sumario. Veamos.

La reclamación fue titulada querella y en el epígrafe se denominó a las partes querellante y querellado. En la querella el señor Padilla Pérez invocó la jurisdicción del tribunal específicamente al amparo de la Ley Núm. 2, *supra*. De otra parte, tanto en la orden como en el mandamiento de notificación a Anabas Corporation se le apercibió que debía presentar su contestación dentro de los términos dispuestos en la citada ley, 32 L.P.R.A. sec. 3120. A la luz de las anteriores circunstancias, de la misma forma que en *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 318-319 (1975), es forzoso concluir que el hecho de no haberse consignado explícitamente que la querella se instaba al amparo de la Ley Núm. 2, *supra*, no desvirtuó el carácter sumario de la reclamación.

Ahora bien, aunque el obrero instó la querella al amparo de las disposiciones de la Ley Núm. 2, *supra*, esto no impedía que el foro de instancia, *motu proprio*, en el ejercicio de su discreción y para lograr que la acción se resolviera de forma justa, rápida y económica, la encauzara por el trámite ordinario. Esta **determinación procesal**, de no ser cuestionada con éxito, convertía la acción presentada por el obrero en una acción civil ordinaria. Una vez cuestionada, por ser ésta una determinación inicial que afecta la forma y manera en que habrán de encauzarse los procedimientos, debemos ejercer nuestra facultad revisora en esta etapa temprana de los

procedimientos conforme a la norma expuesta en *Rivera v. Antilles Shipping, Inc.*, 147 D.P.R. 483, 497 (1999).

En la citada decisión, luego de tomar en consideración la intención legislativa de promover la adjudicación expedita de las reclamaciones laborales, resolvimos que, como regla general, las resoluciones interlocutorias emitidas al amparo de las disposiciones de la Ley Núm. 2, *supra*, no serán revisables. *Id.*, pág. 497. Indicamos, no obstante, que tal limitación no es absoluta y, por tanto, podrán ser revisadas aquellas resoluciones dictadas sin jurisdicción por el tribunal de instancia y aquellas emitidas en "casos extremos en que la revisión inmediata, en esta etapa, disponga del caso o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia (*miscar[r]iage of justice*)". *Id.*, pág. 498.

Una determinación relacionada con el encauzamiento procesal que se le dará a una reclamación laboral es el tipo de resolución interlocutoria que amerita ser revisada en una etapa temprana de los procedimientos, pues la decisión final a la que se llegue en revisión repercutirá en la pronta solución de la reclamación. De esta forma cumplimos con el axioma que anima nuestro ordenamiento procesal de dispensar justicia de forma justa, rápida y económica. A tenor de nuestros pronunciamientos en *Rivera v. Antilles Shipping, Inc.*, *supra*, somos del criterio que este Foro tiene

jurisdicción para revisar la resolución emitida por el tribunal de instancia y confirmada por el foro apelativo intermedio y, por ende, entrar en los méritos del recurso.

Atendido el planteamiento anterior, es necesario determinar si la reclamación instada por el señor Padilla Pérez debe ser encauzada por el trámite ordinario.

II

La Ley Núm. 2, *supra*, estableció un procedimiento sumario para las reclamaciones de obreros y empleados contra sus patronos relacionadas con servicios prestados, beneficios laborales, despido sin justa causa y aquellos casos dispuestos por el legislador en otras leyes protectoras. En *Rivera v. Insular Wire Products*, 140 D.P.R. 912, 923 (1996), señalamos que la esencia del trámite sumario "es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios".[2]

En aras de asegurar la pronta adjudicación de estas reclamaciones, y en reconocimiento a la disparidad económica entre el patrono y los empleados, el legislador

---

[2] Véanse además *Berríos Heredia v. González*, res. el 15 de junio de 2000, 151 D.P.R. _____ (2000), 2000 T.S.P.R. 87, 2000 J.T.S. 102; *Mercado Cintrón v. Zeta Com.*, 135 D.P.R. 737, 742 (1994).

estableció: términos cortos para la contestación a la querella; criterios para la concesión de una sola prórroga para contestar la querella; un mecanismo para emplazar al patrono querellado; un procedimiento para presentar defensas y objeciones; criterios para la aplicación de las Reglas de Procedimiento Civil; limitación de los mecanismos de descubrimiento de prueba; la prohibición específica de reconvenciones contra el empleado querellante; la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono incumpla con los términos para contestar la querella; y mecanismos para la revisión y ejecución de sentencias y el embargo preventivo. *Rivera v. Insular Wire Products*, *supra*, págs. 923-924.

La Sec. 3 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3120, dispone que el secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndola que deberá presentar su contestación por escrito dentro de diez (10) días luego de la notificación, si ésta se hiciera dentro del distrito judicial donde fue instada la reclamación, o dentro de quince (15) días, si se hiciera en un distrito judicial distinto. La parte querellada únicamente podrá solicitar prórroga para contestar mediante moción juramentada donde exponga los fundamentos para su solicitud dentro del término con el que cuenta para presentar la contestación. En aquellos casos donde la parte querellada no presente

su contestación dentro del término dispuesto en la ley, el tribunal "dictará sentencia en su contra concediendo el remedio solicitado sin más citarle ni oírle". *Id.*

De lo antes citado surge con meridiana claridad que los tribunales carecen de jurisdicción para prorrogar el término para contestar una querella instada al amparo del procedimiento sumario de la Ley Núm. 2, *supra*, salvo cuando el patrono solicite una prórroga bajo juramento donde exponga las razones para la dilación. En *Mercado Cintrón v. Zeta Com.*, *supra*, pág. 742, señalamos que los tribunales están llamados a aplicar los términos taxativos de la mencionada ley. Sin embargo, hemos reconocido que existen casos excepcionales que justifican un trato distinto. Cónsono con lo anterior, hemos resuelto que cuando del expediente surjan las causas para la demora en la presentación de la contestación a una querella, el tribunal, *motu proprio*, podrá prorrogar el término para contestar. *Valentín v. Housing Promoters, Inc.*, 146 D.P.R. 712, 717-718 (1998).

Anabas Corporation contestó la querella el 16 de agosto de 2002, transcurridos treinta y nueve (39) días desde la notificación de ésta, sin haber solicitado prórroga para ello, por lo que el señor Padilla Pérez solicitó que se dictara sentencia en rebeldía. En vista de la naturaleza de las alegaciones contenidas en la querella, el foro de instancia denegó la solicitud del querellante y ordenó la tramitación de la reclamación por

la vía ordinaria. El foro apelativo intermedio confirmó esta determinación por entender que se trataba de un caso complejo y que, por lo tanto, el tribunal de instancia no había abusado de su discreción al negarse a dictar sentencia en rebeldía y canalizarlo por la vía ordinaria.

Inconforme con esta determinación, el señor Padilla Pérez presentó una petición de *certiorari* ante este Tribunal. Alegó que erró el foro apelativo intermedio al confirmar al tribunal de instancia ya que este último carecía de jurisdicción para concederle al patrono una prórroga para presentar su contestación. Concluyó que lo que procedía era dictar sentencia en rebeldía. El obrero aparentemente consideró la determinación sobre la forma de encauzar el trámite procesal en este caso como una defensa afirmativa del patrono que, al no ser presentada en la contestación dentro del término estatutario, no podía concederse. No le asiste la razón.

En primer lugar, es menester señalar que el caso de marras no versa sobre la dilación en la contestación a la querella, sino sobre si procedía o no tramitar la reclamación por la vía ordinaria. El trámite que se le dé a un caso, aunque la solicitud se haya hecho en la contestación a la querella, como regla general, no es propiamente parte de dicha contestación. Excepto en raras ocasiones, cuando la ley así lo exija, no constituye una defensa afirmativa, ni una alegación, ni una solicitud de remedio afirmativo. Realmente estamos

ante una cuestión procesal de umbral relacionada con la forma en que se va a encauzar una reclamación y que, salvo abuso de discreción por parte del foro de instancia, no debemos intervenir con dicha determinación.

Aun cuando, de ordinario, resulta necesario que la parte querellada conteste la querella radicada dentro de los términos provistos por la citada Ley Núm. 2, *supra*, la solicitud relacionada con la forma y manera de tramitar un caso laboral, ya fuere por el procedimiento sumario de la Ley Núm. 2, *supra*, o por la vía ordinaria, puede hacerse en cualquier momento en que surja que el justo balance entre los intereses del patrono y los del obrero indica que es más prudente ventilar la reclamación por la vía ordinaria. Esta circunstancia puede ocurrir antes de contestar la querella, al momento de contestarla o después de la contestación. De otra parte, la solicitud para que se encauce el trámite por la vía ordinaria puede hacerse por cualquiera de las partes, en la querella o en la contestación a ésta, en una moción aparte o en cualquier conferencia con antelación al juicio que se celebre sobre el estado del caso, entre otras formas. No existe una manera específica para hacerla ni un momento en particular en que deba presentarse. Incluso el tribunal *motu proprio* puede establecer la forma en que se encauzarán los procedimientos para cumplir con el mandato de que se haga

justicia de forma rápida y económica, especialmente en los casos laborales que están revestidos de un gran interés del Estado en proteger al obrero y evitar la inestabilidad laboral.

En ocasiones anteriores hemos atendido controversias relacionadas con la tramitación de reclamaciones laborales. Así, en *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912, 927 (1996), expresamos:

> el que un obrero o empleado lo considere conveniente y que exista la opción de utilizar el procedimiento sumario para tramitar sus reclamaciones, no impide que el tribunal, utilizando su discreción y haciendo un justo balance entre los intereses del patrono y los del obrero querellante –a la luz de las circunstancias específicas de las reclamaciones en la querella– determine que es más prudente que las reclamaciones bajo la Ley Núm. 100 y la Ley Núm. 45, se ventilen por la vía ordinaria. (Citas omitidas.)

De esta forma, en reconocimiento a la facultad que tienen los tribunales para determinar el trámite que darán a las reclamaciones laborales, señalamos en la citada decisión que éstos pueden, además, separar causas de acción o controversias, consolidar trámites y "determinar a la luz de las circunstancias de cada caso si se trata de controversias sencillas que cualifican para verse por un trámite sumario especial o si se trata de casos complicados o complejos, que pueden proceder por la vía ordinaria y hasta ser objeto de un manejo especial". *Id.*, págs. 929-930.

De otra parte, en *Marín v. Fastening Systems, Inc.*, 142 D.P.R. 499 (1997), el obrero reclamó bajo la Ley Núm. 80, 29 L.P.R.A. secs. 185a *et seq.*, y la Ley Núm. 115 de 20 de septiembre de 1991, 29 L.P.R.A. secs. 194 *et seq.*, al amparo del procedimiento sumario de la Ley Núm. 2, *supra*. El patrono contestó la querella a los tres (3) días de haber finalizado el término para ello. Luego de un análisis de las alegaciones, concluimos que procedía dictar sentencia en rebeldía en virtud de la Ley Núm. 2, *supra*, con relación a la reclamación al amparo de la Ley Núm. 80, *supra*. No obstante, respecto a la reclamación bajo la Ley Núm. 115, *supra*, determinamos que las alegaciones eran vagas y conclusorias y, por tanto, no permitían que en esta etapa de los procedimientos se resolviese la reclamación a través del mecanismo de sentencia en rebeldía establecido en dicha ley. En vista de lo anterior, devolvimos el caso al foro de instancia y le indicamos que con relación a la reclamación bajo la Ley Núm. 115, *supra*, era necesario "determinar si, a tenor con lo resuelto en *Rivera v. Insular Wire Products, Inc., supra*, pág. 514, el caso [debía] continuar por la vía sumaria o se [debía] encauzar por la vía ordinaria". *Id.*, pág. 514.

Como podrá observarse, en la citada decisión no entendimos que los tribunales estuvieren impedidos de considerar cuál es el trámite a seguir en una reclamación laboral por el hecho de haberse contestado la querella

tardíamente o de haber expirado el término para contestarla. **La determinación del curso a seguir, si sumario o por la vía ordinaria, es una relacionada con el manejo del caso, no una defensa afirmativa o una reclamación. Los tribunales pueden tomar dicha acción en el momento en que se convenzan que las circunstancias del caso demuestran que el procedimiento sumario no es el más apropiado o idóneo para adjudicar la reclamación.**

En *Hernández v. Espinosa*, 145 D.P.R. 248 (1998), también nos confrontamos con la situación de una contestación tardía a una querella en una reclamación laboral a la luz de varias leyes, incluyendo la Ley Núm. 115, *supra*. El obrero solicitó que la misma fuese vista al amparo del procedimiento sumario de la Ley Núm. 2, *supra*. En esa ocasión, entre otras cosas, resolvimos devolver el caso al foro de instancia, ordenándole que, conforme a lo resuelto en *Marín v. Fastening Services Systems, Inc.*, *supra*, y en *Rivera v. Insular Wire Products Corp.*, *supra*, determinase si la reclamación al amparo de la Ley Núm. 115, *supra*, debía tramitarse por la vía ordinaria o de acuerdo al procedimiento sumario. Una vez más consideramos que la determinación sobre la forma de canalizar los procedimientos no constituía una defensa afirmativa que debía formar parte de la contestación a la querella.

Luego de determinarse que la reclamación laboral debe ser tramitada por la vía ordinaria, serán aplicables

al caso los términos y procedimientos establecidos para las causas de acción civiles ordinarias, salvo que el tribunal dicte unas órdenes especiales que rijan los procedimientos en el caso particular del que se trate.

En el caso de autos el señor Padilla Pérez instó su reclamación al amparo de la Ley Núm. 44, *supra*, que versa sobre discrimen contra las personas con impedimentos. En las alegaciones de la querella únicamente expuso que fue contratado por Anabas Corporation como ayudante de plomero y que fue despedido de forma discriminatoria por tener una limitación consistente en la falta del brazo y la mano del lado izquierdo. Señaló, además, que el patrono estaba obligado a proveerle acomodo razonable en vista de su impedimento físico. A la luz de lo anterior, entendemos que para probar y/o rebatir las alegaciones del señor Padilla Pérez con toda probabilidad se requerirá un extenso descubrimiento de prueba. La evidencia que se requeriría en este caso no es del tipo que el patrono viene obligado a conservar. Más aún, la justa adjudicación de la reclamación podría requerir la presentación de prueba pericial sobre el impedimento físico del querellante, la forma en que se le requería llevar a cabo su trabajo, si la condición física de éste es susceptible de recibir un acomodo razonable y cual sería dicho acomodo.

En síntesis, la reclamación instada por el señor Padilla Pérez, por su naturaleza, requiere que las partes

tengan la oportunidad de realizar un amplio y adecuado descubrimiento de prueba. En vista de las circunstancias específicas del presente caso, el procedimiento sumario de la Ley Núm. 2, *supra*, con sus términos cortos y un limitado ámbito de descubrimiento de prueba, mociones y alegaciones permisibles, resulta inapropiado. El foro de instancia no abusó de su discreción al determinar que la reclamación al amparo de la Ley Núm. 44, *supra*, y la Ley Núm. 100, *supra*, debía encauzarse por la vía ordinaria. Reiteradamente hemos reconocido a los tribunales de instancia amplia discreción para decidir cuál es el procedimiento idóneo para tramitar una reclamación laboral, si el sumario o el ordinario. "Este Tribunal no debe refrendar una interpretación en extremo rígida de los esquemas procesales en materia laboral que tenga el efecto práctico de privar a los foros de instancia de la discreción necesaria para considerar y decidir controversias de forma adecuada y cabal". *Berríos Heredia v. González, supra*.

A la luz del análisis antes expuesto, entendemos que no hubo abuso de discreción por parte del foro de instancia y del tribunal apelativo al determinar que la complejidad de la reclamación instada por el señor Padilla Pérez amerita que el caso sea ventilado por la vía ordinaria. El hecho de que la solicitud de conversión al trámite ordinario se hiciera en la contestación a la querella, no convirtió la solicitud en

una defensa afirmativa. El foro de instancia no quedó privado de su facultad para encauzar los procedimientos de la forma que entendiese mejor cumplía con el principio procesal cardinal de que los casos deben ser resueltos de forma justa, rápida y económica, y que en las reclamaciones laborales es necesario hacer un balance justo y adecuado entre los derechos del obrero y los del patrono.

Por los fundamentos antes expuestos, estamos conformes con la decisión mayoritaria de confirmar la Resolución emitida por el Tribunal de Circuito y devolver el caso al foro de instancia para la continuación de los procedimientos.

MIRIAM NAVEIRA MERLY
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan Padilla Pérez

   Querellante-Peticionario

      v.                    CC-2003-402      Certiorari

Anabas Corporation
Villa Pannonia representada
por Pedro Ortiz

   Querellada-Recurrida

Opinión Disidente emitida por el Juez Asociado señor Hernández Denton, a la cual se unió el Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Fiol Matta.

San Juan, Puerto Rico, a 23 de julio de 2004.

Disentimos de la Sentencia del Tribunal por entender que el foro de instancia no tiene jurisdicción para denegar una moción de rebeldía en un caso al amparo del procedimiento sumario de reclamaciones laborales[3] cuando el querellado no contesta dentro de los diez (10) o quince (15) días después de notificada la querella, ni presenta moción de prórroga juramentada y bien fundamentada dentro del referido término. En estas circunstancias, y conforme al procedimiento

---

[1] Ley Núm. 2 de 17 de octubre de 1961 según enmendada, 32 L.P.R.A. sec. 3118 *et seq*. (en adelante "Ley Núm. 2" o "Ley de Procedimiento Sumario Laboral").

sumario laboral dispuesto en la Ley Núm. 2, *supra*, lo que procede es anotar la rebeldía del querellado y adjudicar los méritos de la querella.

I

El señor Juan Padilla Pérez (en adelante "señor Padilla Pérez") presentó una querella ante el Tribunal de Primera Instancia, Sala de Distrito de Ponce, contra Anabas Corporation--Proyecto Villa Pannonia representado por Pedro Ortiz (en adelante "Anabas Corporation"). Alegó que fue contratado por Anabas Corporation como ayudante de plomero; que trabajó para dicha corporación en el proyecto Villa Pannonia en Ponce desde el 26 de junio de 2001 hasta el 6 de julio de 2001 cuando fue despedido; que trabajaba cuarenta (40) horas semanales a $5.15 la hora los cinco días de la semana, incluso días feriados; que estaba capacitado para desempeñar la labor para la cual fue contratado a pesar de que le falta el brazo izquierdo; y que el patrono estaba obligado a proveerle acomodo razonable si entendía que por la referida limitación física él no podía desempeñar su trabajo adecuadamente.

El señor Padilla Pérez sostuvo en su querella, además, que el tribunal tenía jurisdicción para intervenir de acuerdo a la "Ley 44 del 2 de julio de 1985 (1 LPRA 511);[4] Ley 100 del 22 de junio de 1975 (29

---

[4] El artículo 13 de la Ley Núm. 44 de 2 de julio de 1985 sobre discrimen contra personas con impedimentos, 21 L.P.R.A. sec. 511, dispone que las personas que

LPRA 146 a 149) y la Ley 10 del 14 de noviembre de 1917 (32 LPRA 3118 y 3120)." Por último, solicitó que se le ordenara al Patrono reponerlo en su empleo y el cese y desistimiento de las alegadas prácticas discriminatorias en su contra. Conforme a todo lo anterior, reclamó daños por angustias mentales y pérdidas de ingresos ascendientes a $19,624 más lo que se acumule hasta su reposición al empleo.

Dos (2) días después de presentada la querella, el 4 de junio de 2002, el tribunal dictó la siguiente orden:

> Vista la Querella formulada en el presente caso, por la presente se ordena que por el Alguacil o persona particular designada por el querellante se notifique a la querellada, cuya dirección [es] Anabas Corporation, Villa Pannonia Calle Paisaje, detrás Urb. Flamboyanes, Ponce, Puerto Rico con copia de la Querella, de esta Orden y del Mandamiento, apercibiéndole que **deberá radicar su contestación a la Querella por escrito con constancia de haber enviado copia de la misma** [...] al abogado de la parte querellante, [...] **dentro del término de diez (10)** días después de la notificación si ésta se hiciere en el Distrito Judicial en el que se promueve la acción y dentro de quince (15) días en los demás casos. **Se le apercibe además, que si así no lo hiciere se dictará Sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.** (Énfasis suplido).

---

entiendan que han sufrido discrimen en el empleo por impedimento físico tendrán "[l]os remedios, facultades, autoridad y procedimientos establecidos en las secs. 146, 147, 147a, 148 y 149 del Título 29. Dichas secciones, a su vez, proveen compensación por el doble del importe de los daños sufridos, reposición al empleo y la disponibilidad del procedimiento sumario provisto por la Ley Núm. 2, *supra*.

> Expida la Secretaría de este Tribunal el correspondiente Mandamiento dirigido a la parte querellada.

De acuerdo con la orden del tribunal, la Secretaría expidió el mandamiento y dispuso que "[v]ista la Querella en el caso de epígrafe y las disposiciones de la Ley aplicable, este Tribunal por la presente señala la primera comparecencia en dicha moción para el día 29 de agosto de 2002, a las 8:00 de la [mañana]." En este mandamiento u orden de citación se transcribieron las expresiones del Tribunal en su orden de 4 de junio de 2002 reproducidas arriba, y se apercibió al patrono que de no comparecer incurría en desacato.[5] Este mandamiento fue diligenciado el 7 de julio de 2002.

El 16 de agosto de 2002, **treinta y nueve (39) días** después de notificada la querella, Anabas Corporation contestó. En su contestación negó toda violación de ley y alegó la inexistencia de una causa de acción a favor del querellado dada la inaplicabilidad de la Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. sec. 501 *et seq.*, sobre discrimen contra personas con impedimentos. Asimismo, expresó que "[l]a presente demanda no es procesable bajo el procedimiento sumario especial de la Ley Núm. 2 del 17 de octubre de 1961, según enmendada,

---

[5] En el procedimiento sumario al amparo de la Ley Núm. 2, *supra*, el mandamiento u orden de citación hace las veces del emplazamiento. Al dorso del mandamiento, igual que en el documento de emplazamiento, se hace constar el diligenciamiento por el alguacil o por persona particular, según sea el caso.

32 LPRA 3118 *et seq.*, dada la acumulación de reclamaciones y la generalidad de las alegaciones."

Así las cosas, durante la vista de 29 de agosto, el señor Padilla Pérez solicitó al Tribunal que anotara la rebeldía de Anabas Corporation por ésta haber contestado fuera del término de diez (10) días dispuesto en la Ley de Procedimiento Sumario Laboral, *supra*, sin justificación legal alguna. Por su parte, Anabas Corporation señaló que el señor Padilla Pérez no se acogió expresamente al procedimiento sumario de reclamaciones laborales por lo que procedía aclarar las alegaciones y continuar bajo el procedimiento ordinario.

Luego de escuchar los argumentos orales de las partes y estudiar sus memorandos de derecho, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de rebeldía por entender que las controversias planteadas eran de naturaleza compleja, y por lo tanto, el caso debía atenderse por la vía ordinaria. De igual forma, expresó que no procedía anotar la rebeldía de Anabas Corporation porque "[p]ara formar la adecuada conciencia judicial, es necesario comprobar las alegaciones vertidas mediante pruebas. La vista en los méritos es requisito indispensable para esta encomienda". Conforme a lo anterior, la vista en su fondo se señaló para el 9 de julio de 2003.

Oportunamente, el señor Padilla Pérez solicitó revisión ante Tribunal de Apelaciones, el cual denegó la

paralización de los procedimientos así como el auto solicitado. El foro intermedio resolvió que el tribunal de instancia no abusó de su discreción al ordenar la continuación de los procedimientos por la vía ordinaria y al no acoger la solicitud de rebeldía del señor Padilla Pérez en vista de la naturaleza compleja de la reclamación. Inconforme con esta determinación, el señor Padilla Pérez acudió ante nos.

Con el trasfondo fáctico anterior, la Sentencia del Tribunal confirma la determinación del foro apelativo intermedio a los efectos de que los tribunales pueden encausar mediante el procedimiento ordinario una reclamación presentada al amparo del procedimiento Sumario Laboral, *supra*, aunque el patrono conteste la querella luego de expirar el término provisto. Ello, a pesar de que la propia Ley Núm. 2, *supra*, expresa textualmente que los tribunales carecen de jurisdicción para prorrogar el término para contestar la querella, con excepción de las contadas instancias que allí se señalan. El resultado neto de la Sentencia del Tribunal es concederle facultad al tribunal para que acepte la contestación a la querella fuera del término legal, en claro incumplimiento con lo que la Ley Núm. 2, *supra*, provee.

De otra parte, contrario al enfoque que dispone la Opinión de Conformidad de la Jueza Presidenta señora Naveira Merly, la cuestión central que debemos dilucidar

en el caso de autos es si transcurrido el término que tiene el patrono para contestar una querella al amparo de la Ley Núm. 2, *supra*, el tribunal de instancia posee facultad para aceptar una contestación sustancialmente tardía y además convertir el procedimiento en uno ordinario. Luego de estudiar la jurisprudencia pertinente y los hechos del caso de autos, entendemos que el tribunal de instancia actúa sin jurisdicción al aceptar la contestación de la querella fuera del término legal provisto, en ausencia de una adecuada y oportuna moción de prórroga. Veamos.

II

La Ley de Procedimiento Sumario Laboral, *supra*, establece un mecanismo procesal que facilita la tramitación de reclamaciones laborales de manera rápida y económica en beneficio del obrero. Dicha ley le sirve al obrero de contrapeso ante la desigualdad de recursos entre éste y el patrono. Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689 (1965). La consideración y adjudicación rápida de las querellas presentadas al amparo de esta ley son esenciales para el adecuado funcionamiento del procedimiento sumario allí provisto. De lo contrario, se haría inefectiva la intención legislativa y estaríamos ante *otro* procedimiento ordinario. Rodríguez Rivera v. Syntex P.R., 148 D.P.R. 604 (1999); Rivera Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996); Mercado Cintrón v. Zeta

Communications, 135 D.P.R. 737 (1994); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975). Conforme a ello, hemos reiterado que a las disposiciones de la Ley de Procedimiento Sumario Laboral, *supra*, deben dársele estricto cumplimiento para no privar a la reclamación del obrero de su naturaleza sumaria y hacer justicia de acuerdo no sólo a la intención legislativa, sino también al mandato expreso de la ley. Mercado Cintrón v. Zeta Communications, *supra*, a la pág. 742. Asimismo, reconocimos que por su carácter reparador, esta ley, como toda ley laboral, debe interpretarse liberalmente a favor del obrero. Piñero González v. A.A.A., 146 D.P.R. 890 (1998).

El fin procesal primordial de la Ley de Procedimiento Sumario Laboral, *supra*, de hacer la reclamación de salarios, beneficios y derechos laborales lo más expedita posible, sin violar el debido proceso de ley que le corresponde al patrono,[6] se refleja al ésta disponer (1) términos cortos para contestar la querella y para solicitar revisión ante tribunales apelativos; (2) la concesión de una sola prórroga para contestar y sólo previa moción juramentada y bien fundamentada; (3) la limitación de sólo una alegación responsiva y una sola apelación, además de indemnización por apelación dilatoria; (4) la prohibición de demandas y

---

[4] Landrum Mills Corp. v. Tribunal Superior, *supra* (la Ley Núm. 2 es constitucional a pesar de favorecer al obrero sobre el patrono).

reconvenciones contra el obrero querellante; (5) la delimitación de los mecanismos de descubrimiento de prueba y aplicación de las Reglas de Procedimiento Civil; (6) la autoridad del tribunal de dictar sentencia en rebeldía ante el incumplimiento del patrono de los términos para contestar la querella; y (6) un término de veinticuatro horas luego de celebrado el juicio para que el tribunal dicte sentencia. 32 L.P.R.A. secs. 3120, 3121, 3123, 3126, 3128 y 3130.

De conformidad con este trámite sumario, y pertinente a la controversia planteada al caso de autos, la sección 3 de la Ley de Procedimiento Sumario Laboral, *supra*, provee que:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, **que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.** Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. **En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.** 32 L.P.R.A. sec. 3120. (Énfasis suplido).

Como se desprende del texto de la disposición citada, el tribunal no tiene jurisdicción para extender el término para contestar una querella a menos que se presente una moción de prórroga juramentada explicando por qué se debe conceder más tiempo a la parte querellada para contestar. Esta moción debe ser específica en cuanto a las justificaciones que se ofrecen para solicitar la prórroga pues de su faz debe surgir causa justificada. En ningún otro caso el tribunal tendrá jurisdicción para aceptar una contestación a la querella fuera del término de diez (10) días después de notificada la reclamación, o quince (15) días si la notificación se hiciere fuera del distrito judicial en que se promueve la acción. A manera de excepción, y sólo ante circunstancias extraordinarias, resolvimos que aún en ausencia de una moción de prórroga juramentada y bien fundamentada, el tribunal *motu proprio* podría conceder prórroga cuando del mismo expediente surgen las causas que justifican la dilación del querellado para contestar. <u>Valentín v. Housing Promoters, Inc</u>., 146 D.P.R. 712 (1998).[7]

La consecuencia de que el querellado no conteste dentro del término prescrito sin acogerse a la prórroga

---

[5] En este caso, el tribunal no recibió la contestación de la querella dentro de los diez días a partir de la notificación. Sin embargo, del expediente surgía que el querellado había contestado oportunamente pero la Secretaría del tribunal le devolvió por error su contestación al notificarle que le faltaban unos sellos.

o cuando del expediente no surjan las causas que justifiquen la dilación es la anotación de rebeldía y la concesión del remedio solicitado sin más citarle ni oírle. 32 L.P.R.A. sec. 3120; León García v. Restaurante El Tropical, res. El 7 de junio de 2001, 2001 T.S.P.R. 81. Nótese que el lenguaje de la ley no es discrecional. Es un lenguaje que más bien le ordena al tribunal dictar sentencia cuando el querellado no contesta oportunamente sin causa justificada. Como norma general, luego de que se extingue el término para contestar la querella sin que se haya justificado adecuadamente la incomparecencia, el tribunal está impedido de tomar cualquier otra determinación que no sea anotar al querellado en rebeldía. Según el mandato expreso de la Ley de Procedimiento Sumario Laboral, *supra*, el tribunal **"dictará sentencia en [contra del querellado], concediendo el remedio solicitado, sin más citarle ni oírle"**. A ello queda limitada la jurisdicción del tribunal por la referida sección 3 de la Ley Núm. 2, *supra*.

Visto el derecho aplicable al caso de autos, examinemos la controversia planteada ante nos.

III

A

A la luz de los hechos aquí presentes, el tribunal de instancia actuó de manera *ultra vires* al aceptar la contestación de la querella fuera del término legal y al

convertir el procedimiento en uno ordinario. Ello es así, pues no medió moción de prórroga juramentada y fundamentada adecuadamente ni tampoco surgía del expediente causa alguna que justificara la dilación de treinta y nueve (39) días para contestar. Fuera de estas instancias, la Ley de Procedimiento Sumario Laboral, *supra*, dispone expresamente que "[e]n ningún otro caso tendrá jurisdicción el tribunal" para conceder prórroga para contestar. 32 L.P.R.A. sec. 3120.

En vista de que el tribunal de instancia no tenía jurisdicción para aceptar la contestación de la querella fuera del término prescrito, debía, conforme lo ordena la sección 3 de la Ley de Procedimiento Laboral Sumario, *supra*, anotar la rebeldía de Anabas Corporation y proseguir con los procedimientos por la vía sumaria. Al así no proceder, abusó de su discreción al aceptar la contestación pues no medio solicitud de prórroga y exposición de causa justificada ni surgía de los autos una causa que justificara una prórroga. <u>Ruiz Rivas v. Colegio San Agustín</u>, res. el 5 de octubre de 2000, 2000 T.S.P.R. 159. Este es un mandato legislativo que generalmente no está sujeto a la discreción del tribunal. <u>Mercado Cintrón v. Zeta Communications</u>, *supra*, a la pág. 744. A esas alturas de los procedimientos no puede el querellado solicitar, o el tribunal conceder, que la reclamación se tramite por la vía ordinaria.

No obstante, el resultado de la Sentencia emitida por el Tribunal en el caso de autos es sostener que la falta de cumplimiento con los términos para contestar la querella que dispone la Ley Núm. 2, *supra*, no es pertinente al determinar si el tribunal posee facultad para convertir el procedimiento sumario en uno ordinario. Así también lo sostiene la Opinión de Conformidad. Si la propia ley dispone que en el tribunal carece de jurisdicción para aceptar la contestación tardía a la querella, cómo puede concluirse que sí posee jurisdicción para convertir el procedimiento en ordinario. Con esto se le concede una ventaja adicional a la parte en mejor posición en estos casos, a saber: el patrono. Ello, a pesar de que éste no fue diligente en la tramitación de la reclamación en su contra.

De ninguna manera sostenemos que el curso del trámite que debe seguir una reclamación originalmente presentada bajo el Procedimiento Sumario Laboral es una defensa afirmativa que debe alegarse en la contestación a la querella. Tanto el tribunal como las partes pueden ciertamente plantear en cualquier momento durante el curso de los procedimientos que la naturaleza de la reclamación amerita que el proceso se convierta en uno ordinario. **Ahora, ese planteamiento tiene que surgir cuando el tribunal posee autoridad para así actuar.** Si las circunstancias entonces presentes, en vista de la

estructura dispuesta en el Procedimiento Sumario Laboral, *supra*, no le proveen facultad al tribunal para aceptar una contestación tardía a la querella ni para disponer otra cosa que no sea la anotación en rebeldía, no puede concluirse que, a pesar de ello, en todo caso el tribunal podría incluso *motu proprio* convertir la reclamación en una ordinaria y dejar sin efecto el andamiaje dispuesto en la Ley Núm. 2, *supra*.[8]

No estamos aquí ante un caso que fue tramitado por ambas partes conforme a las normas procesales dispuestas en la Ley Núm. 2, *supra*, y en el cual el tribunal determina que los procedimientos deben continuar por la vía ordinaria.  Por el contrario, estamos ante un patrono que irresponsablemente contesta la querella treinta y nueve (39) días tardes y que es premiado al aceptarse su comparecencia a destiempo y al convertir la reclamación en una ordinaria.  Este resultado menoscaba la protección que el legislador le concedió a los obreros con la Ley Núm. 2, *supra*, ante el poder económico y disponibilidad de recursos del patrono.

Para apoyar el resultado de la Sentencia del Tribunal en el caso de autos la Opinión de Conformidad de la Jueza Presidenta señora Naveira Merly cita a <u>Marín</u>

---

[6] En el contexto de las Reglas de Procedimiento Civil, por ejemplo, el tribunal no podría decirle a la parte demandante que no puede anotar la rebeldía del demandado porque se trata de una reclamación compleja.  Si lo que procede es la anotación de rebeldía, el tribunal debe actuar conforme a ello y adjudicar la reclamación en sus méritos.

Kuilan v. Díaz Fastening, *supra*, y a Hernández v. Espinosa, 145 D.P.R. 248 (1998). Se interpretan estos casos para sustentar la determinación de que una contestación tardía a la querella no es óbice para que el tribunal decida encausar la reclamación bajo el procedimiento ordinario. **Valga señalar que en ambos casos revocamos al Tribunal de Apelaciones por haber dejado sin efecto la anotación de rebeldía del tribunal de instancia ante la tardanza del patrono de tres (3) y once (11) días respectivamente en la contestación de la querella.** El hecho de que devolviéramos los casos a instancia no se debió a que entendiéramos que no procedía la anotación en rebeldía conforme a la Ley Núm. 2, *supra*. Ello respondió a que en esas instancias también se reclamó al amparo de la Ley Núm. 115 de 20 de septiembre de 1991, 29 L.P.R.A. sec. 194 *et seq.*, sobre represalia, **la cual requiere específicamente que el obrero demuestre su reclamación mediante evidencia directa o circunstancial.** Art. 2 de la Ley Núm. 115, *supra*. Es decir, aunque reconocimos que procedía la anotación en rebeldía y la concesión de los demás remedios solicitados conforme a las disposiciones de la Ley Núm. 2, *supra*, en vista de la naturaleza sustantiva particular de la Ley Núm. 115, *supra*, resolvimos devolver al foro de instancia esa reclamación exclusivamente.

En efecto, la decisión en <u>Mercado Cintrón v. Zeta Communications</u>, *supra*, pone de manifiesto la incorrección de la actuación del Tribunal de Apelaciones en el presente caso.  En esa ocasión, al revisar la denegatoria del tribunal de instancia de anotar en rebeldía al querellante por contestar luego de treinta y tres (33) días de notificada la querella sin haber solicitado prórroga ni justificado su tardanza, dijimos que:

> [el] proceder del foro de instancia es altamente irregular y contraviene expresamente varios de los claros términos de la Sec. 3 de la citada Ley Núm. 2. *En efecto, el tribunal no tenía jurisdicción para actuar como lo hizo*. La referida sección dispone taxativamente cómo y cuándo se puede prorrogar el término de diez días y expresamente ordena que "[e]n ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga". Se trata de un mandato legislativo que de ordinario no está sujeto a la discreción de los tribunales. (Énfasis en el original). (Escolios omitidos). A la pág. 744.

En el caso de autos no hay justificación alguna para flexibilizar el procedimiento sumario que establece la referida ley.  Anabas Corporation fue notificada adecuadamente de la reclamación instada en su contra y se le apercibió de que tenía diez (10) o quince (15) días, según fuera el caso, para presentar su contestación, y que de no comparecer oportunamente se dictaría sentencia en su contra.  No obstante lo anterior, Anabas Corporation no compareció a tiempo, ni presentó moción de prórroga.  Tampoco surge del

expediente razón alguna que justifique su contestación luego de **treinta y nueve (39) días** de la notificación. *Véase*, León García v. Restaurante El Tropical, *supra*. En consecuencia, el tribunal de instancia *debía* anotar la rebeldía de Anabas Corporation ante su prolongada indiferencia a las órdenes del tribunal y desdeño al procedimiento sumario de la Ley Núm. 2, *supra*. Se debe considerar que la reclamación de salarios y beneficios de un obrero, de ordinario, representa su sustento mientras se acomoda en otro trabajo. Por consiguiente, se justifica toda premura en la tramitación de su reclamación de salarios.

De otra parte, la preocupación de Anabas Corporation en cuanto a que procede disponer del caso por la vía ordinaria por tratarse de una reclamación compleja y por la ambigüedad de las alegaciones, además de tardía, es infundada. Es bien conocido que al dictarse una sentencia en rebeldía las alegaciones concluyentes, las determinaciones de derecho y los hechos alegados incorrectamente no son suficientes para sostener una adjudicación a favor del demandado o querellado. En otras palabras, un trámite en rebeldía no garantiza *per se* una sentencia favorable al demandante o querellante. Además, los daños generales, o sumas no líquidas reclamadas, tienen que probarse; en todo caso, la cuantía de los daños debe ser objeto de prueba. Con ese fin, el tribunal celebrará las vistas

que crea necesarias y adecuadas. *Al respecto véase*, Ruiz Rivas v. Colegio San Agustín, *supra*; Rodríguez v. Syntex Puerto Rico, Inc., *supra*; Hernández v. Espinosa, *supra*; Vélez Borges v. Scouts of América, 145 D.P.R. 528 (1998); Marín Kuilan v. Díaz Fastening, 142 D.P.R. 499 (1997). Continental Ins. Co v. Isleta Marina, 106 D.P.R. 809 (1978). Como vemos, la Ley de Procedimiento Sumario Laboral, *supra*, no es una "carta en blanco" para la concesión de remedios que no estén adecuadamente justificados. Hernández v. Espinosa, *supra*. De no ser así, se atentaría contra los principios fundamentales de impartir justicia y constituiría un abuso del derecho. *Id*.

A la luz de todo esto, veamos las alegaciones en la querella del señor Padilla Pérez para determinar si existen hechos suficientes que justifiquen la concesión de una sentencia en rebeldía.

B

En cuanto a la reclamación al amparo de la Ley Núm. 44, *supra*, sobre discrimen contra impedidos y la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A sec. 146 *et seq.*, el señor Padilla Pérez alegó en la querella los siguientes hechos:

> [...]
> 4. El querellante era empleado de Anabas Corporation contratado para realizar el trabajo de ayudante de plomero, trabajo para el que está cualificado y capacitado para realizar las tareas esenciales de tal ocupación.

5. Que el querellante comenzó a trabajar para el querellado en el Proyecto Villa Pannonia en Ponce el 26 de junio de 2001 y fue despedido el 6 de julio de 2001.

6. Que el querellante tiene una limitación física consistente en la falta de brazo y mano del lado izquierdo de su cuerpo, limitación que no le impide el desempeño de la ocupación para la que fue contratado.

7. [...][9]

8. Que el querellante trabajaba 40 horas semanales a $15.5 la hora los cinco días de la semana e inclusive días feriados ...

9. Que el despido discriminatorio ocasionó daños, angustias mentales y pérdida de ingresos al querellante que al momento ascienden a $19,624 conforme a la Ley 100 sección 146(a)(1) y que continuarán acumulándose hasta la reposición del querellante en su empleo.[10]

10. Que se solicita se ordene al patrono a reponer en su empleo al querellante y que cese y desista de sus actuaciones discriminatorias.

Al considerar estas alegaciones de forma integral, en conjunto con la súplica, y de la forma más favorable al querellante, concluimos que no son suficientes para promover una sentencia en rebeldía sin vista. Se trata de conclusiones generales que no están apoyadas por hechos específicos. Por tal razón, a pesar de que Anabas Corporation no contestó a tiempo la querella, ni

---

[7] La alegación número 7 se refiere a la obligación del patrono de ofrecer acomodo razonable al querellante. Por tratarse de una cuestión de derecho no se considerará al examinar la suficiencia de las alegaciones para efectos de la sentencia en rebeldía.

[10] En su memorando de derecho de 27 de septiembre de 2002, el señor Padilla Pérez explicó que esta cantidad incluye los salarios dejados de percibir desde su despido hasta la fecha de la presentación de la querella —cuarenta y ocho semanas— a razón de $5.15 la hora por cuarenta horas semanales, más la penalidad del doble de los daños que dispone la Ley Núm. 100, *supra*. 29 L.P.R.A. sec. 146(a)(1).

pudo justificar su tardanza, y por lo tanto, procede anotar la rebeldía en su contra, el querellado tendría que probar sus daños bajo la Ley Núm. 44, *supra*, ante el tribunal de instancia. *Véase*, Ruiz Rivas v. Colegio San Agustín, *supra*. Luego de anotar la rebeldía a Anabas Corporation, el tribunal celebraría una vista para pormenorizar los hechos que fundamenten la causa de acción por discrimen por impedimento físico y los alegados daños, y de así proceder, dictar sentencia a favor de la parte querellante.

IV

Por los fundamentos expuestos anteriormente, resolvemos que erró el Tribunal de Apelaciones al confirmar la resolución del Tribunal de Primera Instancia en la que se denegó la moción de rebeldía del señor Padilla Pérez y se convirtió el procedimiento del caso de epígrafe en uno ordinario. En consecuencia, hubiésemos revocado la resolución recurrida y devuelto el caso al tribunal de instancia para la continuación de los procedimientos.

Federico Hernández Denton
Juez Asociado