El Juez Asociado Señor Hernández Denton
emitió la opinión del Tribunal.
Debemos resolver si un tribunal tiene discreción para negarse a anotarle la rebeldía a un patrono que no contestó una querella laboral en el término correspondiente ni presentó una solicitud de prórroga juramentada a esos efectos, conforme a lo establecido en el procedimiento sumario para resolver querellas laborales dispuesto en la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. see. 3118 et seq.).
Con el propósito de terminar con la incertidumbre, tanto en los tribunales de instancia como en el Tribunal de Apelaciones, sobre la correcta aplicación de la Ley Núm. 2, supra, *926 resolvemos que, según este estatuto, un tribunal no tiene discreción para negarse a anotar la rebeldía en las circunstancias descritas. No obstante, luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que el querellante sustente sus alegaciones y pruebe los daños reclamados. Dichas vistas deberán realizarse según las normas que rigen los procedimientos en rebeldía.
I
Los hechos de este caso no están en controversia. El 24 de agosto de 2007 la Sra. Olivia Vizcarrondo Morales presentó una querella contra la corporación foránea MVM, Inc. (MVM), en la cual invocó el procedimiento sumario dispuesto en la Ley Núm. 2, supra. En la querella, la señora Vizcarrondo Morales alegó que fue objeto de un despido injustificado y discriminatorio por razón de su edad. Adujo que la actuación del patrono le causó daños morales y lucro cesante, por lo que solicitó indemnización al amparo de la Ley General Contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. see. 146 et seq.), y la Ley de Despido Injustificado, Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185(a) et seq.).
MVM fue notificada de la querella presentada en su contra el 4 de septiembre de 2007. En el emplazamiento, se le apercibió de que se había invocado el procedimiento sumario dispuesto en la Ley Núm. 2, supra, y que, por haberse diligenciado éste fuera del distrito judicial en que se promueve la acción, MVM tenía un plazo de quince días para presentar su contestación. No obstante, MVM no presentó su contestación en el plazo indicado, por lo que el 27 de septiembre de ese mismo año la señora Vizcarrondo Morales presentó una moción para solicitar la anotación de rebeldía y el señalamiento de una vista. En respuesta a dicha solicitud, el tribunal de instancia emitió una orden para que la querellante evidenciara haber notificado a MVM de la querella presentada. A tales efectos, el 5 de *927 noviembre de 2007 la señora Vizcarrondo Morales presentó evidencia de la notificación debidamente diligenciada.
Así las cosas, el 26 de octubre de 2007, cincuenta y tres días luego de ser notificada de la querella, MVM presentó su contestación junto a una moción en oposición a que se le anotase la rebeldía por no haber contestado en el término correspondiente. Además, solicitó que la reclamación se ventilara mediante el procedimiento ordinario. Justificó dicha solicitud aduciendo que es una corporación foránea, con oficinas centrales y división legal localizadas fuera de Puerto Rico, y que las alegaciones de patrono sucesor y de discrimen por edad, así como la reclamación por daños morales que hiciera la querellante, no están relacionadas con información que obre en los expedientes de la empresa.
El 26 de noviembre de 2007, el tribunal de instancia declaró “con lugar” la solicitud del patrono querellado. Asimismo, dictó una orden para solicitar a la representación legal de ambas partes que se reunieran para poder continuar con los procedimientos ulteriores.
Inconforme, la señora Vizcarrondo Morales recurrió al Tribunal de Apelaciones y solicitó la revisión de la orden dictada por el foro de instancia. De igual forma, solicitó al tribunal apelativo que, en auxilio de su jurisdicción, paralizara los procedimientos en el tribunal de instancia. En su recurso, la señora Vizcarrondo Morales adujo que erró el foro primario al no anotar la rebeldía a MVM y al autorizar que la reclamación se ventilara mediante el procedimiento ordinario. Por último, le imputó error al tribunal de instancia por aceptar la contestación presentada por MVM fuera del término establecido para ello en la Ley Núm. 2, supra.
El Tribunal de Apelaciones se negó a expedir el auto solicitado. En esencia, resolvió que aun cuando en estos casos el patrono debe contestar la querella presentada en el término establecido en la Ley Núm. 2, supra, la solicitud para que la querella se tramite por la vía ordinaria puede hacérsele al tribunal en cualquier momento, antes o después de transcurrido el plazo mencionado. El tribunal fundamentó su determinación en la sentencia emitida por este *928 Tribunal en Padilla v. Anabas, 162 D.P.R. 637 (2004). Ello a pasar de que ella no creó un precedente.
Inconforme con la determinación del foro apelativo, acude ante nos la señora Vizcarrondo Morales y, esencialmente, presenta los mismos señalamientos de error. Sostiene que erró el foro apelativo al no anotar la rebeldía, según le fue solicitado, ni señalar los procedimientos correspondientes. De igual forma, le imputa al tribunal apelativo haber errado al permitir la contestación tardía de la querella y al autorizar la solicitud de la parte recurrida para continuar el trámite de los procedimientos por la vía ordinaria.
Examinado el recurso, emitimos una orden a MVM para que mostrara causa, si alguna tuviera, por la cual no debíamos revocar la resolución dictada en este caso por el Tribunal de Apelaciones. Con el beneficio de su comparecencia, procedemos a resolver sin trámites ulteriores.
II
La Ley Núm. 2, supra, provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales. 32 L.PR.A. see. 3118. Dichas reclamaciones, por su naturaleza y finalidad, ameritan ser resueltas a la brevedad posible “para así lograr los propósitos legislativos de proteger el empleo, desalentar los despidos injustificados y proveerle al obrero despedido medios económicos para su subsistencia mientras consigue un nuevo empleo”. Lucero v. San Juan Star, 159 D.P.R. 494, 504 (2003); Ruiz v. Col. San Agustín, 152 D.P.R. 226 (2000); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996).
El procedimiento sumario consagrado en la Ley Núm. 2, supra, es especial, cuyas disposiciones deben interpretarse liberalmente a favor del empleado. Ello, de acuerdo con la desigualdad de los medios económicos que exista en *929 tre las partes. Lucero v. San Juan Star, supra; Piñero v. A.A.A., 146 D.P.R. 890 (1998); Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689 (1965). Por lo tanto, el procedimiento le impone la carga procesal más onerosa al patrono, sin que ello signifique que éste queda privado de defender sus derechos. Rivera v. Insular Wire Products Corp., supra.
Hemos expresado que la naturaleza sumaria del procedimiento constituye su característica esencial, por lo que tenemos la obligación de promover y exigir diligencia y prontitud en la tramitación de las reclamaciones laborales, conforme al claro mandato legislativo plasmado en la Ley Núm. 2, supra. Lucero v. San Juan Star, supra; Mercado Cintrón v. Zeta Com., Inc., 135 D.P.R. 737 (1994); Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975). En vista de ello, tanto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. Lucero v. San Juan Star, supra.
Es una norma reiterada que cuando se entabla una reclamación bajo el procedimiento sumario y se notifica al patrono querellado mediante copia de la querella, éste está obligado a presentar su contestación dentro de unos términos más cortos que los provistos para los procedimientos ordinarios. Sobre el particular, la See. 3 de la referida ley, 32 L.PR.A. see. 3120, dispone que el patrono presentará la contestación por escrito en los diez días siguientes a la notifica *930 ción, si ésta se hiciere en el distrito judicial donde se promueve la acción, y en los quince días en los demás casos.
En los casos en que el patrono querellado no presente la contestación en el término correspodiente, la citada disposición legal regula el modo en que tanto las partes como el tribunal deben proceder. De esta forma, la propia ley delimita el alcance de la autoridad de los tribunales. A esos efectos, la See. 3, supra, establece que
... se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga. (Enfasis suplido.)
De esta normativa surge el deber inequívoco del tribunal de darle un cumplimiento cabal al procedimiento dispuesto en la Ley Núm. 2, supra, ya que carece de jurisdicción para extender el término para contestar una querella, a menos que se observen los criterios o las normas procesales para la concesión de una prórroga. Valentín v. Housing Promoters, Inc., 146 D.P.R. 712 (1998); Mercado Cintrón v. Zeta Com., Inc., supra.
En caso de que la parte querellada se acoja al mecanismo de una solicitud de prórroga para contestar, la Ley Núm. 2, supra, igualmente regula el modo como esta petición debe formularse. El estatuto requiere que la parte querellada someta la moción de prórroga en el término provisto para presentar la contestación. Además, exige que el patrono querellado cumpla con varios criterios adicionales para la formulación de dicha solicitud, a saber: (a) que se juramente la moción; (b) que se especifiquen los motivos que justifican su concesión, y (c) que la moción se notifique a la parte querellante. 32 L.P.R.A. see. 3120. En ningún otro caso, por mandato legislativo, tendrá jurisdicción el *931 tribunal para conceder esa prórroga. íd. De hecho, aun si se cumple con los criterios expuestos, el tribunal no está obligado a conceder la prórroga, ya que esta determinación dependerá de si la parte querellada demostró mediante la propia moción la existencia de una causa justificada para la dilación.
Según lo anterior, la See. 4 de la Ley Núm. 2 (32 L.P.R.A. see. 3121) expresamente dispone que el incumplimiento con el término dispuesto para presentar la contestación o, en la alternativa, con los criterios para solicitar la prórroga, conlleva que el juez dicte sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado.([1]) En ese caso, dicha sentencia será final y no podrá apelarse. Id. En vista del lenguaje categórico del estatuto en cuestión, reiteramos que de ordinario no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2, supra. Véase Mercado Cintrón v. Zeta Com., Inc., supra.
Ahora bien, hemos expresado que aun bajo el esquema sumario dispuesto en la Ley Núm. 2, supra, los tribunales tienen discreción para flexibilizar las limitaciones que éste impone al patrono en cuanto al descubrimiento de prueba. Véase Berríos v. González et al., 151 D.P.R. 327, 345 (2000). Esta discreción para flexibilizar algunos aspectos del procedimiento sumario dispuesto en la Ley Núm. 2, supra, podría resultar suficiente para conferirle al patrono el mínimo de las garantías constitucionales necesarias sin que se desvirtúe el carácter sumario del proceso.
*932 Más aún, en Rivera v. Insular Wire Products Corp., supra, reconocimos la autoridad de los tribunales para, luego de realizar un análisis ponderado de los intereses involucrados, tramitar la querella de forma ordinaria. Esta discreción debe ser utilizada por los tribunales, particularmente, cuando la concesión de prórrogas o de un descubrimiento de prueba más extenso en los parámetros de la Ley Núm. 2, supra, resultaría insuficiente para proteger los derechos de las partes y, en última instancia, para hacer cumplida justicia. Véase Berríos v. González et al., supra, pág. 346.
No obstante, del precedente jurisprudencial se desprende que esta determinación no debe hacerse livianamente y que una mera alegación de la parte querellada, en términos de que la reclamación instada en su contra es compleja, no justifica la conversión del proceso en ordinario. Berríos v. González et al., supra. En aquella ocasión, resolvimos que, entre otros factores, antes de hacer esta determinación el tribunal debe evaluar: si los hechos descritos requieren tomar deposiciones a múltiples testigos; si a la luz de las alegaciones se requerirá la presentación de prueba pericial particularmente compleja, y si resulta necesario el examen de expedientes médicos o la realización de exámenes físicos que convertirían el descubrimiento de prueba en una etapa incompatible con el carácter expedito del procedimiento dispuesto en la Ley Núm. 2, supra. Véase Berríos v. González et al., supra.
Sin embargo, la solicitud de la parte querellada a estos efectos debe hacerse oportunamente, en los términos establecidos por la Ley Núm. 2, supra, para contestar la querella o solicitar la prórroga correspondiente. Así se desprende de lo resuelto por este Tribunal en Berríos v. González et al., supra, págs. 346-347, donde expresamos lo siguiente:
A tenor con lo anterior, resolvemos que compete a los tribunales determinar, ante un oportuno planteamiento al respecto, si encausa una querella laboral que incluya una reclamación en concepto de angustias mentales mediante el trámite ordinario o el sumario contemplado en la Ley Núm. 2. (Enfasis suplido.)
*933 Es menester señalar que en Berríos v. González et al., supra, el patrono había presentado su solicitud de prórroga para contestar la querella, y la solicitud para que se tramitara esta por la vía ordinaria, en el término establecido por la Ley Núm. 2, supra, para presentar su contestación. Por lo tanto, en aquel momento este Tribunal no tuvo que enfrentarse a la controversia que hoy nos ocupa; a saber, si el tribunal tiene discreción para negarse a anotar la rebeldía y tramitar, por la vía ordinaria, una querella presentada al amparo del procedimiento sumario provisto en la Ley Núm. 2, supra. Esto, a pesar de que el querellado no contestó en el término establecido para ello, ni presentó una solicitud de prórroga juramentada a esos efectos.
Posteriormente, en Marín v. Fastening Systems, Inc., 142 D.P.R. 499 (1997), nos vimos precisados a armonizar la Ley Núm. 2, supra, con la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. see. 94 et seq.). En esa ocasión, la empleada perjudicada había presentado una querella contra su patrono al amparo de la Ley Núm. 115, supra, y, para encausarla, invocó el procedimiento sumario de la Ley Núm. 2, supra. Tras analizar las alegaciones de las partes, determinamos que, aun cuando procedía anotarle la rebeldía al patrono por haber contestado la querella fuera del término dispuesto en la Ley Núm. 2, supra, erró el foro primario al dictar sentencia en rebeldía. Ello debido a que la empleada se limitó a hacer alegaciones conclusorias sin hecho alguno, por lo que no pudo probar una violación a la Ley Núm. 115, supra, mediante evidencia directa o circunstancial, tal y como lo requiere el estatuto.
Por ello, resolvimos que, aun cuando procedía que el foro de instancia dictara sentencia en rebeldía en cuanto a las alegaciones de la querellante sobre despido injustificado, devolvimos el caso al tribunal de instancia para que continuaran los procedimientos en cuanto al reclamo según la Ley Núm. 115, supra. No obstante, modificamos la resolución emitida por el foro apelativo en cuanto ésta permitió que el patrono contestara la querella presentada. Por último, dejamos en manos del foro primario determinar si *934 los procedimientos relacionados a las reclamaciones al amparo de la Ley Núm. 115, supra, debían continuar bajo el procedimiento sumario dispuesto en la Ley Núm. 2, supra, o si, por el contrario, era necesario encausarlos por la vía ordinaria.
No obstante, nuestros pronunciamientos en Marín v. Fastening Systems, Inc., supra, no terminaron con la incertidumbre existente tanto en los tribunales de instancia como en el foro apelativo. Por el contrario, este Tribunal sigue recibiendo múltiples recursos sobre controversias relacionadas a la aplicación correcta de la Ley Núm. 2, supra. Dicha incertidumbre hace necesario que resolvamos la controversia de si un tribunal tiene discreción para negarse a anotar la rebeldía y decidir, motu proprio, convertir el procedimiento sumario dispuesto en la Ley Núm. 2, supra, en ordinario, aun cuando el patrono no hubiere presentado su contestación a la querella en los términos correspondientes.
De hecho, tal como señalamos, en el caso de autos el foro apelativo citó una de las sentencias relacionadas a la aplicación de la Ley Núm. 2, supra, emitida recientemente por este Tribunal; a saber, Padilla v. Anabas, supra. Ello a pesar de que dicha sentencia no tiene valor de precedente.
Fundamentándose en la sentencia, el foro apelativo se negó a expedir el auto solicitado y, de esa manera, confirmó al tribunal de instancia que se negó a anotar la rebeldía y resolvió encausar la querella por la vía ordinaria. Ello, aun cuando MVM había presentado su contestación cincuenta y tres días después de haber sido notificada de la querella y, por lo tanto, fuera del término establecido en el referido estatuto. Erró el foro apelativo al así resolver.
III
La Ley Núm. 2, supra, dispone, en lo pertinente, que el tribunal no tiene jurisdicción para extender el término para contestar una querella, a menos que se presente una moción de prórroga juramentada explicando por qué *935 se le debe conceder más tiempo a la parte querellada para contestarla en el término establecido para ello. Sólo ante circunstancias extraordinarias se podría justificar una aplicación más flexible del estatuto. Es por ello que, a modo de excepción, hemos afirmado que el tribunal puede conceder una prórroga cuando surgen del mismo expediente los motivos que justifican la dilación del patrono querellado para presentar su contestación. Véase Valentín v. Housing Promoters, Inc., 146 D.P.R. 712 (1998).
De lo anterior se desprende que la consecuencia de que el querellado no conteste en el término prescrito sin acogerse a la prórroga, o cuando no surjan del expediente las causas que justifiquen la dilación, es la anotación de la rebeldía y la concesión del remedio solicitado sin más citarle ni oírle. 32 L.P.R.A. see. 3120; León v. Rest. El Tropical, 154 D.P.R. 249 (2001). Nótese que el lenguaje de la ley no es discrecional. Por el contrario, se trata de un lenguaje que le ordena al tribunal dictar sentencia cuando el querellado no contesta oportunamente sin una causa justificada.

Por lo tanto, como norma general, luego de que se extingue el término para contestar la querella, sin que se haya justificado adecuadamente la incomparecencia, el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal, según establecida por la See. 3 de la Ley Núm. 2, supra.

No obstante, la sentencia emitida por el Tribunal de Apelaciones en el caso de autos parece implicar que la falta de cumplimiento con los términos para contestar la querella que dispone la Ley Núm. 2, supra, no es pertinente al determinar si el tribunal posee facultad para convertir el procedimiento sumario en ordinario. Si la propia ley dis-pone que el tribunal carece de jurisdicción para aceptar la contestación tardía a la querella, no puede concluirse que sí posee jurisdicción para negarse a anotar la rebeldía y convertir el procedimiento en ordinario. Esta interpretación le concedería una ventaja adicional a la parte en mejor *936 posición en estos casos, o sea, el patrono querellado. Ello, a pesar de que éste no fue diligente en la tramitación de la reclamación presentada en su contra.
Sin embargo, de ninguna manera debe interpretarse que el curso que debe seguir una reclamación originalmente presentada bajo el procedimiento sumario dispuesto en la Ley Núm. 2, supra, es una defensa afirmativa que debe alegarse en la contestación a la querella. Ciertamente, tanto el tribunal como las partes pueden plantear en cualquier momento durante el curso de los procedimientos que la naturaleza de la reclamación amerita que el proceso se convierta en ordinario. No obstante, ese planteamiento tiene que surgir cuando el tribunal posee autoridad para así actuar. Si en vista de la estructura dispuesta en el procedimiento sumario dispuesto por la Ley Núm. 2, supra, las circunstancias no le proveen facultad al tribunal para aceptar una contestación tardía a la querella, ni para disponer otra cosa que no sea la anotación de la rebeldía, no puede concluirse que, a pesar de ello, el tribunal podría incluso motu proprio convertir la reclamación en ordinaria y permitirle al patrono contestar la querella.
Aun cuando reconocemos la discreción del tribunal para determinar la forma como se debe encausar la querella a fin de hacerle justicia a las partes, esa discreción está limitada por el mandato expreso de la ley, que dispone que, en general, pasado el término para que el patrono conteste la querella sin que ello ocurra y sin que se haya solicitado prórroga, el tribunal sólo tiene la jurisdicción para anotar la rebeldía y dictar sentencia. En estos casos, el tribunal no puede ignorar la letra clara de la Ley Núm. 2, supra, y negarse a anotar la rebeldía. En vista de ello, erraron tanto el tribunal de instancia como el foro apelativo al negarse a anotar la rebeldía a MVM, aun cuando este último había presentado su contestación a la querella fuera de los términos establecidos por ley, sin presentar justa causa para ello.
*937 Ahora bien, el hecho de que se haya anotado la rebeldía no es garantía per se de una sentencia a favor del querellante. Como es sabido, al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante o querellante. Además, los daños generales, o sea, las sumas no liquidas reclamadas tienen que probarse; en todo caso, la cuantía de los daños debe ser objeto de prueba. Por lo tanto, el tribunal debe celebrar las vistas que sean necesarias y adecuadas para tomar una determinación al respecto. Véase Ruiz v. Col. San Agustín, 152 D.P.R. 226 (2000); Rodriguez v. Syntex P.R., Inc., 148 D.P.R. 604 (1999); Hernández v. Espinosa, 145 D.P.R. 248 (1998); Vélez v. Boy Scouts of America, 145 D.P.R. 528 (1998); Marin v. Fastening Systems, Inc., supra.
Conforme a lo anterior, luego de anotar la rebeldía, el tribunal debe celebrar las vistas evidenciarías que sean necesarias y adecuadas para que el querellante sustente sus alegaciones y pruebe los daños alegados en la querella. Al celebrar las vistas, el tribunal deberá aplicar los mecanismos contemplados en las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, para casos en rebeldía. Lo que no puede hacer el tribunal es negarse a anotar la rebeldía y permitir la contestación presentada fuera de término, como ocurrió en el caso de autos.
En vista de lo anterior, erraron los foros recurridos al negarse a anotar la rebeldía a MVM y declarar “con lugar” la solicitud presentada para que la querella fuera tramitada por la vía ordinaria y permitir la contestación presentada tardíamente. El tribunal no tenía jurisdicción para así actuar. Si el foro primario entendía que las alegaciones hechas en la querella requerían algún trámite ulterior antes de dictar sentencia, éste pudo celebrar las vistas que a esos efectos estimara necesarias. No obstante, dichas vistas deben celebrase en conformidad con la normativa aplicable a los pleitos en rebeldía. Decidir lo contrario sería *938 circunvalar y burlar el esquema sumario dispuesto en la Ley Núm. 2, supra, para querellas laborales.
IV
Por los fundamentos que anteceden, se revoca la Sentencia emitida en este caso por el Tribunal de Apelaciones y se devuelve el caso al foro de instancia para trámites ulteriores compatibles con lo aquí resuelto.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado sin opinión escrita.

(1) Según citamos en Ocasio v. Kelly Servs., 163 D.P.R. 653, 670-671 (2005):
“ ‘... el propósito de estar sujeto a esta anotación es como disuasivo contra aquellos que puedan recurrir a la dilación como un elemento de su estrategia en la litigación’. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, pág. 750. El trámite en rebeldía se fundamenta en la obligación de los tribunales de evitar que la adjudicación de causas se paralicen simplemente por la circunstancia de que una parte opte por detener el proceso de litigación, Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 817 (1978). Conforme a ello, ‘el mismo opera como remedio coercitivo contra una parte adversaria la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse’.” (Citas omitidas.)